9 74 6 5
49a 41

9 765
99a 544

HEATH, USE OF BROWDER, ADM'R, VS. POWERS.

A bond or note not negotiable by delivery, which is transferred by delivery, may be paid by the maker after the transfer, before notice of the transfer given by the equitable assignee.

ERROR to Benton Circuit Court.

RICHARDSON, for Plaintiff.

The plaintiff seeks here to reverse the judgment of the court below, and will urge that it can only be sustained upon the hypothesis, that either, or both of two following propositions are true, to wit:

1st. That the party for whose use this action is brought, had no interest in the subject matter of the decree.

2nd. That he is bound by the decree, to which he was not a party.

The plaintiff by his counsel will respectfully attempt to establish the negative of the two propositions just stated, by maintaining the affirmative of the three following propositions.

1st. That the party for whose use this action is brought, had an interest in the subject matter of the decree. A delivery of a note amounts to an equitable assignment thereof. Heath vs. Hall, 4 Taunt. 326. Canfield vs. Morgan, 12 John. 346. Ford vs. Stuart, 19 John. 342; 24 Pick. 261. Singleton vs. Mann, 3 Mo. R. 326. Himes vs. McKinney, 3 Mo. R. 270. Frasier vs. Gibson, 7 Mo. Rep. 271.

2nd. The person for whose use this action is brought having an interest, he ought to have been made a party to the chancery proceedings; all persons are to be made parties who are either legally or equitably

interested in the subject matter, and result of the suit, however numerous they may be." 2 Story's Equity, 741–2; Mitford's Eq. Plead, 220; Clark vs. Long, 4 Randolph, 451; Mallow vs. Hinde, 12 Wheat. 194; Finley vs. U. S. Bank, 11 Wheat. 304 ; Conn vs. Penn, 5 Wheat. 424 ; West vs. Randall, 2 Mason C. C. Rep. 181; Haines vs. Beach, 3 John. Ch. R. 459.

3rd. That Browder, for whose use this action was commenced, having an interest in the result of the chancery suit, and not being a party thereto, is not bound by the decree made therein. McCord's heirs vs. McClintock, 5 Littell, 304 ; Finley vs. Bank U. S., 11 Wheat. 304 ; Haines vs. Beach, 3 John. C. R. 459; Turpin admr. vs. Thomas, 2 Henning & Munford, 139. "An assignee not affected by a decree to which he is not a party." Paine C. C. Rep. 549; Peters' Digest, 539; 1 Wash. C. C. 417 ; 1 Brock. C. C. Rep. 126 ; Watson vs. Spence, 20 Wend. 260.

The holder of a junior mortgage is not bound by a decree of foreclosure to which he was not a party, although the senior mortgages had no notice of such claim. Cooper vs. Martin, 1 Dana 25; Brown vs. Wyncoop, 2 Black, 230; 5 B. Mon. 273.

LEONARD & BAY, for Defendant.

1st. The replication is defective, in not setting out the consideration for the transfer and delivery of the bond ; the averment that the transfer was "for value received," is insufficient; the law will only protect the equitable interest of an assignee of a chose in action, where the assignment is for an adequate consideration, and the nature of the consideration must be set forth, so as to enable the court to determine whether it is adequate. Perkins vs. Parker, 1 Mass. 117. De Forest vs. Frary, 6, Cowen, 155.

2nd. The replication is also defective in not averring that the defendant had notice of the transfer of the bond. It is the duty of a party claiming an equitable interest in a bond, to give notice to the obligor. The title of an equitable assignee is not perfect in equity, until notice is given to the debtor. 2 Story's Equity, secs. 1047, 1056, 1057. Wood v. Partridge, 11 Mass. 487. Comstock v. Farnum, 2 Mass. 96. Dawson v. Coles, 16 John R. 52. Chiles v. Corn, 3 Marsh, 230.

3rd. The decree of a court of chancery, although it may not affect the rights of those who were not parties, yet is binding and conclusive with respect to the subject matter on which it acts. McCall v. Harrison, 1 Brock. C. C. R. 126.

NAPTON, J., delivered the opinion of the court.

This was an action of debt brought by R. B. Heath, to the use of Browder, administrator of Jonas Heath, deceased, against Powers, on a bond executed by said Powers and one Ashley, to said R. B. Heath.

The defendant pleaded first *non est factum*, and second, that the bond mentioned in the declaration was executed by the defendant to the plaintiff, in part consideration of the sale of a certain tract of land sold by the plaintiff to the defendant; and that by a decree of the Benton circuit court, rendered on the 9th December, 1844, in a certain chancery cause, wherein the said defendant and Ashley were complainants, and the said plaintiff and Charles S. Waters were defendants, said bonds were cancelled, &c.

Plaintiff replied, that at the time and before the commencement of the said suit in chancery, Browder, admr. &c., for whose use this action was brought, was the equitable owner of the said bond, and that the said bond had been transferred by the said Richard B. Heath, to the said Jonas Heath, in the lifetime of the said Jonas, (the intestate of Browder,) by delivery, for value received by the said Richard, of the said Jonas; that the said assignment was made before the commencement of the said chancery suit, and that said Browder was not made a party, nor had he received any notice of said suit.

To this replication there was a demurrer, which being sustained, the plaintiff withdrew his other replications, and judgment was given on the demurrer for the defendant.

The only question is, whether the demurrer was properly sustained. In Bates against Martin, (3 Mo. R. 367,) it was held that payment of a bond or note to the assignor, after assignment, would be no bar to an action by the assignee, whether the assignee had given notice to the maker previous to the payment or not. This construction of our statute concerning assignments, has been subsequently recognized by this court in the case of Cohen v. Per. Ins. Co., 9 Mo. R. Our statute, however, requires the assignment to be in writing, and though that writing may be on a separate piece of paper, as was held in the case of Isbell & Abel vs. Shields & Hickerson, (7 Mo. R.,) yet the writing itself must show that it has been made, and therefore an assignment in general terms of all the assignors goods, effects, &c., will not constitute such an assignment of a specific note, as to be within the meaning of the statute, and enable the assignee to maintain an action in his own name. Miller v. Paulsel & Newman, 8 Mo. R. In the case now under consideration, the assignment was a mere equitable one, by delivery,

and though courts of law will protect the interests of such an assignee, it is clear, that we are not under any obligation to apply the principles heretofore, and yet held by this court in relation to assignments in writing. The cases hitherto have been such as the court thought affected by the phraseology of our statute, and the rule which seems to have prevailed very extensively elsewhere, was made to yield to the imperative commands of the statute, which seemed to preclude the obligor from anywise affecting the rights of the assignee after assignment. We are then thrown back upon the equitable principles which govern courts of law, in protecting the assignee of a chose in action, and that principle requires the assignee to give notice of his interest, otherwise a payment to the obligor, or a discharge by him, will defeat it.

The plea in this case is like a plea of payment; and the republication should have averred, that at the time of the commencement of this chancery suit, or at all events prior to its termination, the defendant had notice of the interest of Jonas Heath. Dawson v. Coles, 16 John. R. 51; and Cowen & Hill's notes, Ph. Ev. p. 164, 975, and numerous authorities there cited.

The demurrer was therefore properly sustained, and the judgment of the circuit court is affirmed.