Murdoch & Dickson *v.* Finney.

MURDOCH & DICKSON, Respondents, *vs.* FINNEY, Appellant.

1. The equity of a subsequent assignee of a *chose* in action, who first gives notice to the debtor, is superior to that of a prior assignee.
2. As to what is a sufficient finding of the facts under the practice act of 1849.
3. An amendment to a pleading at the trial to obviate the objection of a variance does not require an affidavit.
4. It is no reason for excluding an account offered in evidence that it varies in some particulars from the one filed in the cause.

*Appeal from St. Louis Law Commissioner's Court.*

Action for money had and received. From the whole record, the following appeared to be the facts:

Lee & Martin had an account against the Central Fire Company, which they transferred to Brantner & Welbourn in payment of an indebtedness to them. Brantner & Welbourn subsequently made an assignment to the plaintiffs, for the benefit of their creditors, of all their property, including the account transferred to them by Lee & Martin. Subsequent to the transfer to Brantner & Welbourn, Lee & Martin transferred the account against the Fire Company to the defendant, Finney, who collected the money from Wetzell, the treasurer of the company. This suit was brought for the money thus collected. The trial was by the court without a jury. The finding of the court stated that when Finney collected the account from the

Fire Compnny, he was aware that it belonged to the plaintiffs, and that there was some testimony tending to show that the treasurer of the Fire Company might have known the same fact when he paid the money to Finney ; but was silent as to whether the Fire Company had notice of the first assignment, before the second assignment was made and notice of it given.

At the trial, the defendant objected to the admission of the account in evidence, because it varied in date and amount from the account set forth in the petition. The court thereupon permitted the plaintiff to amend his petition without oath, so as to make the date and amount of the account set forth correspond with that offered in evidence, to which the defendant excepted. Evidence of the statements of Wetzell when the account was presented to him for payment was admitted, although Wetzell himself was examined as a witness in the cause.

Upon the facts found, the court below gave judgment for the plaintiffs.

*Barretts*, for appellant.

*J. B. Goff*, for respondent.

Scott, Judge, delivered the opinion of the court.

1. This case appears to turn on the law respecting the assignment of *choses* in action. The law on this subject seems to be well settled. As between the assignor and the assignee, the equitable right will pass without any notice to the debtor ; for the assignor is bound from the moment of the contract. But if the assignee means to go further and make his right attach upon the thing assigned, it is necessary to give notice to the debtor or trustee of the assignment. But if, after a *chose* in action is transferred by its owner, it is assigned a second time, and the last assignee first give notice to the debtor of his right, his equity will be superior to that of the first assignee who has neglected to give notice ; for, by such failure, the first assignee has enabled the owner of the *chose* in action to commit a fraud by making another sale. The second purchaser, by enquiring of the debtor, might have learned whether the debt

had been transferred, or if notice of the transfer had been given to the debtor, he, after such notice, would pay the debt to another at his peril. The precaution of making enquiry is always taken by a diligent purchaser, and if it is not taken, there is neglect, and no relief is extended to him who has been guilty of it. If both assignees give notice at the same time, or if there is no notice by either assignee, then the rule *qui prior est in tempore potior est in jure* prevails, and the first assignment will be sustained. So that it is seen that notice to the debtor or trustee is necessary, in order to make a perfect and indefeasible assignment of a *chose* in action. (*Dearle* v. *Hall*, 3 Eng. Con. Chan. 266. *Heath* v. *Powers*, 9 Mo. Rep. 765.)

2. The finding of the court, in relation to this matter of notice, is evidently defective. Indeed, the facts in regard to it are not found at all, but it is stated that there was some testimony tending to show that the treasurer of the company might have known, at the time he paid the money to Finney, that the account in question was the property of Brantner & Welbourn, or their assignees. This is no such finding as is required by law. If courts will take the place of jurors and try the issues in a cause, they must, in the finding, state the facts found, and not the testimony, nor the tendency of it. With these, this court cannot deal. By the facts, are meant these material circumstances stated in the pleadings, and which constitute the cause of action or the ground of defence. These must be stated in the finding, and not the testimony tending to prove them, nor circumstances from which a jury might infer them. In cases where the ultimate fact may be regarded as one rather of law than fact, as where a controversy turns on the question of adverse possession, fraud or a valuable consideration, and such like, it is not sufficient that the existence of these be stated in so many words, but the facts which show that they exist must be stated; not the evidence, but the facts established by the evidence upon which the law pronounces, as a matter of law, that they do exist.

In the portion of the finding stated above, the inquiry does not seem to have been turned to the proper point. The inquiry should be, not whether there was notice of the prior assignment, at the time Finney received the money from the debtor, but whether his assignment had been obtained and perfected before notice; for, if such was the case, he would be entitled to the money, whether there was notice or not at the time the money was received.

3. Where an amendment of the pleadings is made at the trial, merely to obviate the objection of a variance, there can be no necessity for an affidavit to such amendment, if such affidavit is necessary in any case, where the effect of it is not to produce a continuance.

It was no objection to the account offered in evidence, that it varied in some particulars from that filed in the cause. A variance between accounts relating to the same matter, may be the ground of observation and subject of comment to the jury, but cannot be a reason for excluding one of them altogether. The variance may be explained, and its cause accounted for. A plaintiff would not be allowed to recover that for which he did not sue, and to substitute one cause of action for another; but if, in stating his cause of action, he has committed a mistake, it may be obviated by amendment.

Evidence of the statements made by Wetzell to the witness was not admissible. Wetzell was a witness himself. The declarations of an agent relative to an act which, at the time, he is performing for his principal, are evidence against him.

The judgment is reversed, and the cause remanded.