BENJAMIN LIEBER, Plaintiff in Error, *v.* THE ST. LOUIS AGRICULTURAL AND MECHANICAL ASSOCIATION, GARNISHEE OF JOHN GANTER, Defendant in Error.

*Attachment—Garnishee.*—The pendency of a suit agaist the garnishee by the defendant in the attachment or execution will not relieve the garnishee from his liability under the garnishment. After being summoned as garnishee he cannot pay the money due to the attachment or judgment debtor.

### *Appeal from St. Louis Circuit Court.*

The plaintiff recovered judgment against John B. Ganter on Feb. 24, 1858, for $370.23, in the St. Louis Circuit Court, on which execution was issued Mar. 9, 1858, and the garnishee summoned as such on May 31, 1858. The plaintiff obtained, also, another judgment against said Ganter in the St. Louis Circuit Court, on the 30th April, 1858, for $274.18. On this execution the garnishee was summoned as such on the 25th May, 1858. The plaintiff filed the usual interrogatories, to be answered by the garnishee in proper time. The garnishee duly filed its answer stating "that at the time of the service of the garnishment a suit was pending in the Court of Common Pleas, wherein John B. Ganter, the above-mentioned defendant, claimed some $2,200 of the said garnishee; that after the service of said garnishment judgment was obtained by said Ganter against said association for the sum of $453, upon which judgment execution issued, and the amount was paid by said association to the sheriff; that garnishee, at the time of said garnishment, was not indebted to said Ganter in any other manner."

It appeared from the records of the St. Louis Common Pleas Court, which were introduced in evidence, that John B. Ganter instituted the suit against the garnishee, mentioned in the answer of garnishee, on 19th Feb., 1858; that judgment was rendered therein June 4, 1858, for $1,468; that on June 5th Ganter remitted $1,015 of said judgment, leaving $453 as a judgment; that the judgment was satisfied by the association on October 11, 1858.

*C. F. Burnes* and *Holliday*, for plaintiff in error.

I. A debtor is liable to the process of garnishment after suit brought for the debt, and before judgment, if the garnishment is served before the defendant is concluded, by the state of the pleadings, from showing in defence that the debt or property is attached in his hands. (Thorndike v. DeWolf, 6 Pick. 120; Locke v. Tippetts, 7 Mass. 149.)

II. A judgment debtor is liable to the process of garnishment. This is fully established by our own court in the case of the Home Mut. Ins. Co. v. Gamble, 14 Mo. 407; Gager v. Watson, 11 Conn. 168.

III. The pendency of the suit of Ganter v. The St. Louis Agricultural and Mechanical Association in the St. Louis Common Pleas Court, and the judgment being rendered in said suit in said court, would not exempt the defendant in that suit from liability as garnishee of Ganter, the defendant, under process issued from the St. Louis Circuit Court.

Authorities referred to:—1. Howell v. Freeman, 3 Mass. 121; Thorndike v. DeWolf, 6 Pick. 120; Locke v. Tippetts, 7 Mass. 149; Smith v. Barker, 10 Maine, 458; Huff v. Mills, 7 Serg. 42. 2. Home Mut. Ins. Co. v. Gamble, 14 Mo. 407; Gager v. Watson, 11 Conn. 168; Halbert v. Stinson, 6 Blackf. 398; O'Brien v. Liddell, 10 Smedes & M. 371; Belcher v. Grubt, 4 Harr. 461; Crabb v. Jones, 2 Miles, 130. 3. McCarty v. Emlen, 2 Dall. 277.

*Barret*, for defendant in error.

LOVELACE, Judge, delivered the opinion of the court.

The judgment in this case cannot be permitted to stand,

upon any sound legal principles. The defendant here was indebted to Ganter, the defendant in execution, at the time of the service of the garnishment, and his answer so stated. It was one of the class of persons which, under our statute, may be summoned as a garnishee ; and the fact that the defendant in the execution was then suing for the same money, was no defence. The defendant was not the less a debtor of Ganter because Ganter was suing for the money.

In the Home Mut. Ins. Co. v. Gamble, (14 Mo. 407,) this court held that a judgment debtor might be summoned as a garnishee when there was a stay of execution and the garnishment was served during the stay. There was no defence in the defendant's answer, and judgment should have been rendered upon it; but, inasmuch as the garnishee is entitled to some allowance for answering, the case will be sent back to the Circuit Court for adjustment.

Judgment reversed and cause remanded. The other judges concur.