NATHANIEL P. RICHARDSON, executor, in equity,

*vs.*

THOMAS H. RICHARDSON and others.

Cumberland. Opinion February 11, 1884.

*Corporation. Dividend. Life-tenant. Divorce.*

When a dividend upon its stock is declared by a corporation, payable in money, it belongs to the person holding the stock at the time of the declaration, whether the holder be a life-tenant or remainder-man, without regard to the source from which, or the time during which, the profits and earnings were acquired by the company, and regardless of the size of the dividend.

The rule applies, though the dividend comes from assets set aside as a "renewal fund" by a gas-light company, the directors voting to convert the fund into a dividend to stockholders.

A bequest of stock, for her life-time, to the wife of a testator's nephew, the wife being described by her name, is not terminated because the nephew becomes divorced from his wife for her fault and she is married to another.

BILL IN EQUITY by the executor of the last will and testament of Israel Richardson against Thomas H. Richardson, Hannah Harris, Thomas Putnam Richardson, Albert Richardson, Edwina Maud Richardson, Julia Ann Horne, devisees under the will, Jesse Davis, assignee of said Hannah Harris, and the Portland Gas Light Company, to obtain the construction by the court of the fifth clause of the will which is sufficiently recited in the opinion.

Edwina Maud Richardson being under twenty-one years of age, H. R. Virgin was appointed guardian *ad litem*.

*W. L. Putnam*, for the executor.

*J. and E. M. Rand*, for Thomas H. Richardson.

*Enoch Knight*, for Hannah Harris, cited : Schouler's Domestic Relations, 300 ; Redf. Wills, 613, and cases cited ; *Re Boddington*, 27 Albany Law Journal ; *Barclay* v. *Wainewright*, 14 Ves. Jun. 66 ; *Price* v. *Anderson*, 15 Simon, 473 ; *Preston* v. *Mellville*, 16 Simon, 163 ; *Johnson* v. *Johnson*, 15 Jurist, 714 ; *Hooper* v. *Rossiter*, 1 McLean, 527 ; *Bates* v. *McKinley*, 31 Beavan, 280 ; *Dale* v. *Hayes*, 40 L. J. Ch. 244 ; *In re Hopkins*, Trust L. R. 18 Eq. 696 ; and *Murray* v. *Glasse*, 17 Jurist. 816 ; *Minot* v. *Paine*, 99 Mass. 101 ; *Deland* v. *Williams*, 101 Mass. 571 ; *Leland* v. *Hayden*, 102 Mass. 542 ; *Heard* v. *Eldredge*, 109 Mass. 258 ; *Gifford* v. *Thompson*, 115 Mass. 478, and cases cited ; *Millen* v. *Guerrard*, Am. L. Reg. June, 1882.

*H. R. Virgin*, for himself, as guardian *ad litem* of Edwina Maud Richardson, contended that the dividend of twenty-five dollars a share should be considered an accretion to the capital and only the income from the same paid over to the life-tenant. The rule was early settled in England. *Brander* v. *Brander*, 4

Ves. Jun. 800 ; *Paris* v. *Paris*, 10 Ves. Jun. 184 ; *Witts* v. *Steere*, 13 Ves. Jun. 363.

Later English cases and Massachusetts cases reviewed by counsel seem to throw some doubt upon the question.

In New York, New Jersey and Pennsylvania the courts have adopted the rule contended for by the counsel for the life-tenant in the early English cases, viz : that the time when the profits were earned determines whether the dividends should be deemed income or capital. If earned prior to the inception of the life-tenancy, then to be considered capital and to be invested and the income only to be paid to the life-tenant ; if earned subsequently, then to be considered as income and to be the absolute property of the life-tenant ; but if earned partly before and partly after such inception, then to be divided proportionally between income and capital. *Simpson* v. *Moore*, 30 Barb. 637 ; *Van Doren* v. *Olden*, 4 C. E. Green, 176 ; *Earp's Appeal*, 28 *Id*. 368.

Counsel commented upon the authorities cited and referred to and upon 2 Perry, Trusts, § 545, note 1 ; *Crawford* v. *North Eastern Ry.* 3 K. & J. 723 ; *Williston* v. *Michigan*, &c. *Ry.* 13 Allen, 400 ; *Rand* v. *Hubbell*, 115 Mass. 461 ; *Coleman* v. *Columbia Oil Co.* 51 Penn. St. 74 ; *Granger* v. *Bassett*, 98 Mass. 462 ; *March* v. *Eastern R. R.* 43 N. H. 515 ; and submitted that the size of the dividend nor the time when earned was not the true test ; but contended that the true rule was " that the substance and intent of the action of the corporation as shown by its votes in the light of the surrounding circumstances determine the character of the dividend." That the court should not curtail its powers by laying down a rule preventing its looking behind the votes of the corporation.

It is a question concerning the integrity of a trust fund, which is the especial charge of a court of equity, and it is difficult to see how a court can lay down a rule which shall preclude it from following such a fund to its source and keeping it in view all the time. The reason that it is impracticable is not satisfactory, nor does it prove so, for the courts of New York, New Jersey and Pennsylvania do not hesitate to hunt back such funds when occasion demands it.

Counsel then contended in an able argument that the dividend of twenty-five dollars a share was one which, being tested by the rule contended for, by tracing it to its source and ascertaining the substance and intent of the Gas Company, in the light of the circumstances ascertained, went to the remainder-men as capital and should be invested as such and only the income therefrom paid over to the life-tenant.

PETERS, C. J.   This case presents the following facts : Israel Richardson died in March, 1867, leaving a will which contains these provisions : "I give and bequeath to Hannah Richardson, wife of Thomas H. Richardson, of Norway, in the state of Maine, during her natural life, the income or dividends from my stock or shares in the Portland Gas Light Company ; and after the decease of said Hannah, I give and bequeath said income or dividends, during his natural life, to said Thomas H. Richardson ; and from and after the decease of the said Hannah and of said Thomas H. I give and bequeath said income or dividends to the children of said Thomas H. and Hannah, to be paid to them until all of said children shall arrive at the age of twenty-one years ;" the stock then to be divided among the children and their legal representatives.   In December, 1879, Thomas was divorced from his wife Hannah, for desertion and other causes.   She was afterwards married to Oscar A. Harris.   Several children of Thomas and Hannah are now living.   All interested parties are before the court by a bill in equity.

On May 1, 1882, the Gas Light Company passed the following vote : "Voted, that, in compliance with the urgent request of the city government, a special dividend be made of the renewal fund of this company, amounting to twenty-five dollars on each share, and that the same be payable, on and after July 2, to stockholders of this date."   The testator at his death owned 286 shares, of the par value of $50 per share.   We were informed at the argument that, since this bill was instituted, another dividend of an equal amount with the foregoing has been declared by the company.

Two questions of law are raised upon the foregoing facts. One is this: Is Hannah (Richardson) Harris deprived of the income of the shares because she is no longer Thomas H. Richardson's wife. Clearly not. The bequest to her is dependent upon no condition but her duration of life. The life estate is given in absolute and unequivocal terms. Naming her as the wife of Thomas H. Richardson was only to make clearer what Hannah Richardson was intended by the will. Nor is there a scintilla of expression from which the idea of trusteeship can be deduced,— nothing to show that it was a legacy to her for the benefit of others, either husband or children. In the best view of family exigencies presented to the mind of the testator when his will was signed, he decided to bestow this bounty upon the person who at that time was Thomas H. Richardson's wife; upon Hannah Richardson.

In behalf of the children of Thomas H. and Hannah Richardson, the heirs apparent, these positions are contended for by their counsel: That dividends, declared by corporations upon their stocks, payable in stock, belong to the capital or corpus; that ordinary and usual money dividends go to the income and belong to the life-tenant; that extraordinary and unusual money dividends go to capital; or, at least, that such a dividend as the one in question goes that way; that the present dividend is peculiar, special and extraordinary; and that it is of the nature of and equivalent to a stock dividend. These propositions have been ably argued by the counsel for the heirs.

The decided preponderance of authority probably concedes the point that dividends of stock go to the capital, under all ordinary circumstances. But we are well convinced that the general rule, deducible from the latest and wisest decisions, declares all money dividends to be profits and income, belonging to the tenant for life, including not only the usual annual dividend, but all extra dividends or bonuses payable in cash from the earnings of the company. We are satisfied that this can be the only safe, sound, just and practicable rule, and that any attempt to engraft refined and nice distinctions upon such rule

will be productive of much more evil than any good that can come from it.

And we would entirely reject the qualification of the rule admitted in some instances by some courts, that the life-tenant is not entitled to so much of the dividend as was earned in the lifetime of the testator. Too much difficulty and uncertainty would attend the practical operation of such a test. Nor do we appreciate any particular legal or moral merit in it. We think the true rule to be, that, when a dividend upon its stock is declared by a corporation, it belongs to the person holding the stock at the time of the declaration, whether the holder be a life-tenant or remainder-man, without regard to the source from which or the time during which the profits and earnings divided were acquired by the company. *Goodwin* v. *Hardy,* 57 Maine, 143 ; See *Jermain* v. *Lake Shore and Mich. Sou. R. R. Co.* 91 N. Y. 483, and numerous cases in the opinion and arguments. We speak of a dividend of profits and earnings merely. It has been held that, when a corporation dissolves and winds up its affairs, and makes to its stockholders a dividend in cash, arising from all its assets, consisting in part of undivided earnings, the entire amount divided would be capital and not income. *Gifford* v. *Thompson*, 115 Mass. 478.

Should it be admitted that a dividend in stock would be regarded as capital, we do not perceive that the position of the heirs would be materially strengthened by the admission. In the case of a stock dividend, the earnings going to create the dividend belong to the stock — are a part of the capital — are strictly not detached from the capital — and, when thus divided, continue to be capital, in a new and more definite form. All undivided profits pass upon every sale or bequest of the stock or shares, as a mere incident or accessory thereto. Stockholders have individually no control or power over undivided profits, — cannot transfer or dispose of them or any part of them, until a a dividend be declared by a vote of the corporation. In most instances profits may be as valuable to the capital, in the form of funds on hand, as in the form of additional stock. In the case before us, the dividend is payable not in new capital, not in

stock, but in money payable on a certain day. The object of the vote, evidently, was, not to make more stock, but to relieve the stock of the incubus of so great an amount of funds on hand. The presumption is, that the surplus funds were in excess of the business needs of the company. We do not recognize in this dividend anything like a dividend of stock.

It is argued, that the dividend virtually comes from capital, because taken from assets designated by the company as a " renewal fund." But the directors are the best judges of the expediency of using the fund. They best know whether it is needed or not for such purpose. The vote is their decision that it is not needed by the company, and that it should be distributed to the shareholders. If they can, by their vote, determine when earnings shall be turned into stock, they surely can decide when the dividend may be money. Although the dividend amounts to fifty per cent. on the capital shares, our opinion is that it, and all dividends made, or to be made, like it, must be paid to the life-tenant. If in this she is fortunate to-day, she may have been exceedingly less so in the past, and no one can anticipate what may come of the morrow. The declaration of this dividend is a confession by the company, that her previous annual income has, from the caution of its officers, been too small, and is now made up to her. The present atones for the past.

An examination of the following authorities, a few of many that might be cited, and of the cases referred to in them, will clearly show the present drift of judicial and professional opinion upon the questions discussed by us ; and will show that, by the great bulk of modern cases, since the law upon the subject matter has emerged from the fluctuations of its evolutionary period, our views as expressed in this discussion are thoroughly sustained. Bouv. Law Dic. (15th ed.) "Dividends ;" 18 Alb. Law Jour. 264 ; 21 Am. Law Reg. 381 ; *Price* v. *Anderson,* 15 Sim. 473 ; *Bates* v. *Mackinley,* 31 Beav. 280 ; Barton's Trust, L. R. 5 Eq. 238 ; *Cogswell* v. *Cogswell,* 5 Edw. Ch. 231 ; *Lord* v. *Brooks,* 52 N. H. 72 ; *Moss' Appeal,* 83 Penn. St. 264 (S. C. 24 Amer. R. 169, note) ; *Minot* v. *Paine,* 99

Mass. 101; *Read* v. *Head*, 6 Allen, 174; *Rand* v. *Hubbell*, 115 Mass. 461, also cases *supra*.

We think it reasonable that the fund arising from the dividend, contribute toward the costs and expenses of the litigation. By this proceeding it ascertains its true owner. Before this the ownership was questionable.

*Decree accordingly.*

DANFORTH, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.