B. C. MINOR ET AL., Respondents, v. ROGERS COAL COMPANY, Appellant.

### St. Louis Court of Appeals, March 8, 1887.

1. PLEADING — ANSWER—PLEA OF PAYMENT—DEBT—GARNISHMENT. In an action of debt, an answer is sufficient as a plea of payment which states that the defendant was summoned as garnishee of this plaintiff in an action before another court, having jurisdiction of the parties and of the subject matter, and was, by such court, compelled to, and did, pay the debt to the plaintiff's creditor.

2. ——— In such an action, it is immaterial that the garnishment was had in another state and was subsequent to the suit in which such answer was filed, if it appear that the court compelling the payment had complete jurisdiction.

3. ——— PETITION.—A petition will not support a recovery where the facts therein stated, if true, do not show that the plaintiff had a subsisting cause of action.

APPEAL from the Greene County Circuit Court, W. F. GEIGER, Judge.

*Reversed and remanded.*

JOHN O'DAY and E. D. KENNA, for the appellant : A debt paid through garnishment process can not be recovered again, and the courts of Kansas having jurisdiction their judgments are binding. *Dole v. Boutwell,* 1 Allen, 288; *Foster v. Jones,* 15 Mass. 185; *Merriam v. Rundlett,* 15 Pick. 512.

C. W. THRASHER, for the respondents : The garnishment of the appellant in Kansas commenced long after the pendency of this suit, and being in another jurisdiction, constitutes no bar to the respondents' recovery. *Wallace v. McConnell,* 13 Peters [U. S.] 136 ; Drake on Attachment [3 Ed.] sects. 619, 621. It was the duty of the appellant, when garnished, to disclose, in its answer, every fact which would have prevented a judgment against it. Drake on Attachment [3 Ed.] sect. 630; *Wright v. Railroad,* 27 N. W. Rep. 90.

LEWIS, P. J., delivered the opinion of the court.

The plaintiffs seek to recover four hundred and sixty-eight dollars, as the price of a car load of flour sold and delivered to the defendant. The answer is a general denial, with an additional defence, setting up that, since the commencement of this suit, B. F. Hobart obtained a judgment in the district court of Crawford county, state of Kansas, against the present plaintiffs, for the same sum which is herein sued for ; that, upon that judgment process of garnishment was served upon these defendants, and such further proceedings were had, that these defendants were afterwards compelled, by order of the said district court, to pay, and did pay, into said court the said sum demanded in garnishment. Wherefore they say that the demand herein sued for

has been fully paid and discharged. On the plaintiffs' motion, this part of the answer was stricken out by the court, as containing no defence to the action. The only question for determination here is as to the propriety of this ruling.

It is a settled rule, founded upon obvious principles of natural justice, that a garnishee can not lawfully be compelled to pay the same indebtedness twice. If it has happened in a few instances that, in due course of law, a second payment has been enforced, this was not due to a failure of the rule, but was because of the person's failure to use proper diligence in avoiding the first payment. If, in the first successful proceeding against him, he has omitted an obvious defence which would have constituted an effectual bar, he can not complain if, in another proceeding, against which no defence is available, an adverse judgment shall again result. Thus, two payments of one indebtedness may be brought about by a garnishee's own default; but not because both were compellable primarily, as a matter of abstract law. It is equally true, that, if a person be subjected to two separate proceedings on account of the same indebtedness, and no lawful defence is possible against the first that comes to trial, so that judgment against him is the inevitable result, this will create a conclusive defence against the one secondly coming to be heard.

Our supreme court, in *Lieber v. St. Louis Agricultural and Mechanical Association* (36 Mo. 382), held that "the pendency of a suit against the garnishee, by the defendant in attachment or execution, will not relieve the garnishee from his liability under the garnishment." This rule, broadly applied, without any reference to diversity of jurisdictions, would determine that the pendency of the present suit furnished no available defence against the garnishment in Kansas; from which it would follow that the compulsory payment there made created a bar against any recovery in the present case, and that the circuit

court erred in striking out the defence to that effect.
But the plaintiffs here insist that the *Lieber* decision
has no application where the rival proceedings lie in
different jurisdictions, and that the Kansas garnishment,
however determined, could be of no efficacy against a
suit pending in Missouri. This appears to have been
the view adopted by the circuit court.

In *Wallace v. McConnell* (38 U. S. 151), suit was
instituted in the United States district court of Alabama,
and, during its pendency attachment proceedings were
begun in an Alabama state court by a creditor of the
plaintiff, under which the debt sued on in the federal
court was attached in the defendant's hands. The
defendant set up this attachment by a plea *puis darrein
continuance* in the federal court. The plea was held
bad on demurrer, and this ruling was sustained on error.
Said the United States Supreme Court: "The plea
shows that the proceedings on the attachment were
instituted after the commencement of this suit. The
jurisdiction of the district court of the United States,
and the right of the plaintiff to prosecute his suit in
that court having attached, that right could not be
arrested or taken away by any proceedings in another
court. This would produce a collision in the jurisdic-
tion of courts, that would extremely embarrass the
administration of justice. If the attachment had been
conducted to a conclusion and the money recovered of
the defendant, before the commencement of the present
suit, there can be no doubt that it might have been set
up as a payment upon the note in question. * * *
If this doctrine be well founded, the priority of suit will
determine the right. The rule must be reciprocal, and
where the suit in one court is commenced, prior to the
institution of proceedings under attachment in another
court, such proceedings can not arrest the suit, and the
maxim, *qui prior est tempore, potior est jure*, must
govern the case."

It would appear that the reasons thus given for the . decision of the United States Supreme Court would have had little weight with our state supreme court in its determination of the *Lieber* case.   There, the garnishment was begun in the St. Louis circuit court, while a suit by the execution debtor against the garnishee was pending in the court of common pleas.   No question of priority or conflict between the two courts was considered at all; it being held a sufficient ground for the controlling force of the garnishment, that the garnishee was "not the less a debtor of Ganter (the execution debtor), because Ganter was suing for the money." True, the two courts were within the same state jurisdiction.` But the treatment of the question by the United States Supreme Court is alike applicable to that · situation.   So far, then, the federal decision, as an authority to be considered by this court, is in direct competition with the ruling of our own supreme court in the case of *Lieber*.   We must look elsewhere, therefore, for the reasoning or authority that may. determine the effect of the distinction here taken by the plaintiffs.

The question thus presented has elicited some contrariety of opinion in different states, but the reasoning which appears to be the most satisfactory and the most nearly in harmony with the views of our supreme court, refuses to admit that a rule, to be applied where the proceedings are all within the same state, can be reversed when the garnishment is in one state, and the pending suit in another.   It is considered that due effect is thus given to the constitutional requirement, that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. This "full faith and credit" implies, not that a judgment rendered in one state may be enforced by execution in another, but that, in so far as a judgment in one state determines the existing relations between the parties thereto, the same relations shall be judicially recognized and upheld, as between the same persons, in

every other state. This interpretation being understood, we need hardly look further, in the present controversy, for a test of the efficacy of the Kansas garnishment proceedings, as compared with that of one originating in Missouri.

The supreme court of Illinois, in *Allen v. Watt* (79 Ill. 284), holds that : " Where a debt has been recovered from a debtor by garnishee process, under an attachment proceeding in a court of competent jurisdiction in another state, the recovery is a protection, in this state, to the garnishee against his original creditor ; and the fact that the debt may have been put into judgment, does not change the rule." This ruling puts a stronger light than is needed upon the sufficiency of the present defence, since, when it was offered, the debt had not yet been reduced to judgment. Says the court: " The court of common pleas of Hamilton county, in the state of Ohio, in which these attachment proceedings were had, was, it is not denied, a court of competent jurisdiction of the subject matter, and acquired jurisdiction of the persons of the appellants by service of process upon them, and the judgment of that court is entitled to full faith and credit in this state. This judgment, so rendered by a court of competent jurisdiction, has been paid and satisfied by the appellants, and there is no justice in requiring them to pay it a second time. The fact that Watt had recovered a judgment against the appellants, made them no less his debtors when the garnishment process was served on them, and we do not see in what respect it could have benefitted them, had they set this up by plea in the Ohio court. * * * Chief Justice Kent said, in *Embree & Collins v. Hanna* (5 Johns. 100), that it was a settled and acknowledged principle, in the English courts, that where a debt has been recovered of the debtor, under the process of foreign attachment, the recovery is a protection, in England, to the garnishee against his original creditor, and he may plead it here."

In *Holmes v. Remsen* (20 Johns. 229), it was held

that : "payment by a garnishee, under a judgment and execution on a proceeding by foreign attachment in the Lord Mayor's court of London, of a debt due by a citizen in New York to a creditor in London, being compulsory, is a good bar to an action brought here against the debtor under the act giving relief against absent and absconding debtors ; though the attachment here, against the absent debtor, was issued before the money of the debtor came into the hands of the garnishee, or even before the foreign attachment issued in England."

. Jones v. Railroad (1 Grant's Cases, 459), was a c ase in which the railroad company was garnished in a Pennsylvania court upon a judgment held by the plaintiff against Inman, who had a judgment in the state of New York against the railroad company. The Pennsylvania supreme court said : "Inman, therefore, will have no right to raise objections in New York to the deduction from his judgment there against the railroad company of the amount of the plaintiff's judgment against him here, if the railroad corporation should be legally compelled to pay it ; and that corporation has no right to complain of this proceeding."

The Massachusetts decisions are not all in harmony with the foregoing, nor, indeed, are they consonant with one another. We think, on the whole, that the weight of authority is largely on the side of an application of the law, as decided by our supreme court in the *Lieber case*, whether the garnishment and the common law proceeding are in the same, or in different, states.

The circuit court, therefore, erred in striking out the second defence in the answer, and its judgment will be reversed and the cause remanded. . All the judges concur.

Rombauer, J., delivered a supplemental opinion of the court.

In view of a possible re-trial it is proper to add that the petition fails to state any cause of action, as it does

not state a subsisting indebtedness at the date of the institution of the suit. This point has not been made by the appellant in this court, and for that reason we do not want to make any disposition of the cause here, based on that objection. As the point, however, was insisted on in the trial court, by motion in arrest, we suggest to the plaintiff to amend his petition if he desires to re-try the case. In this view, Judge Thompson also concurs.