THE NELSON DISTILLING COMPANY, Appellant, v. Z. F. LOE *et al.*, Respondents.

St. Louis Court of Appeals, November 24, 1891.

1. **Law and Fact**: ESTOPPEL: PARTNERSHIP: SUFFICIENCY OF THE EVIDENCE. Whether a person has so held himself out as a member of a partnership as to estop himself from denying that he is one, is in every case a question of fact and not of law, provided that there is substantial evidence of such holding out. And *held* that there was substantial evidence thereof in this case.

2. **Unincorporated Societies**: INDIVIDUAL LIABILITY OF MEMBERS. If the articles of association of an unincorporated society contain a provision, whereby every member obligates himself to pay all debts contracted by the society, such obligation is enforceable by any creditor of the society.

*Appeal from the Montgomery Circuit Court.*—Hon. E. M. Hughes, Judge.

Reversed and remanded.

*Henry B. Davis*, for appellant.

*Emil Rosenberger*, for respondents.

Rombauer, P. J.—The defendants were members of an organization known as the New Florence Social Club. The plaintiff dealt with the organization by that name, and sold to it sundry bills of goods which were paid. In October, 1889, the plaintiff sold to the organization goods to the amount of $132.54, and, as the organization dissolved shortly thereafter, the bill remained unpaid. The plaintiff thereupon instituted the present action against the defendants, charging them as partners. The defendant Loe made default, but the other defendants by their answer under oath, wherein they admitted in substance the sale of the articles to Loe, denied that they were his partners in any sense, or liable as such. On the trial, the court at the close of plaintiff's evidence instructed the jury that the plaintiff could not recover, except as against Loe, whereupon the plaintiff took a nonsuit against the other defendants, and, after an ineffectual motion to set the same aside, brings the case here by appeal. The error complained of is the above instruction of the court.

The plaintiff offered evidence tending to show the following facts : In September, 1888, an organization was formed under the name of the New Florence Social Club by a number of persons who signed articles of association and by-laws, containing, among others, the following recitals :

"We the undersigned mutually agree to form an association to be known as the New Florence Social Club. The object of the association shall be to furnish

articles of food, drink, books and papers for the use of the members only.

"The officers of this association shall consist of a president, secretary and treasurer, and an executive committee of three, who shall consist of the president, secretary and treasurer.

"The officers shall be elected annually at the first meeting of the association in January of each year.

"Each and every member of the association hereby obligates and by ( sic ) himself to pay all the debts contracted by the proper officers of the association for any article of food, drink, books or papers, and room rent for the use of the association.

"No bill or account against the association shall be paid until after the same has been audited by the executive committee.

"Any officer or member of this association, who shall violate any of the rules or by-laws of the association and be guilty of any conduct unbecoming a gentleman, may be suspended or expelled by the executive committee."

Prior to the time that the articles sued for were bought the defendants had signed these articles, and it did not appear that either of them had been suspended or expelled or had withdrawn from the club prior to the contraction of the debt. The bill in question had been audited by the executive committee.

It further appeared by the oral evidence that there was no provision for any participation of profits by members of the club ; and that each member paid ten cents upon becoming such, and thereafter paid for everything he obtained at the club room by tickets which were issued to him for cash.

It will be thus seen that the only question presented is, whether there was any evidence tending to show that the defendants became liable to the plaintiff on the ground of estoppel by holding themselves out as partners, and not, as defendants' counsel contends,

whether they were partners or not. Whether or not a defendant has or has not so held himself out to the plaintiff, provided there is any substantial evidence tending to show it, is in every case a question of fact and not of law. Thus in *Wood v. The Duke of Argyll*, 6 Mann. & Gr. 928, and *Lake v. The Duke of Argyll*, 6 Q. B. 477, cases frequently cited by way of illustration, the very same acts were relied on as such holding out. In the first case the jury considered the evidence insufficient, and in the second sufficient to charge the defendant, and the court in each case refused to disturb the verdict. It is true that many of the cases place such liability on the ground of agency, and not on the ground of partnership ( Collyer on Part., sec. 26 ), but the distinction is not one of substance, as the liability is the same in either event. The controlling question is, whether the defendants promised or not so as to make themselves individually liable to the plaintiff, and not whether they promised in a certain relation. Thus in *Crews v. Lackland*, 67 Mo. 621, two defendants were sued as partners, and there was evidence tending to show that they were not partners. The supreme court held that the trial court properly refused an instruction asked on their behalf to the effect that, unless the jury were satisfied from the evidence that, at the time of the alleged contract, the defendants were partners, their verdict must be for the defendants. The ruling was put on the ground that, under our statute, joint promises are joint and several, and, therefore, the plaintiff may sue upon a joint promise, and yet recover against any of the defendants by proving a several promise on his part. We may add, however, that it would seem that under the decisions in this state the petition was even technically correct in charging the defendants as partners. *Smith v. Warden*, 36 Mo. 382 ; *Martin v. Fewell*, 79 Mo. 401. It will be further noticed that, in the case at bar, the articles of association contain an express promise on the part of each signer to pay for the goods

ordered by officers of the club, and since that promise was made upon a valid consideration, the plaintiff might have enforced it, although not privy to the consideration. *Rogers v. Gosnell*, 58 Mo. 589.

Giving to the evidence offered by plaintiff its greatest probative force, as we are bound to do in determining the question whether the court was justified in withdrawing it from the consideration of the jury, we must conclude that there was substantial evidence tending to show that the defendants are liable on the ground of holding themselves out as partners, and that the court erred in withdrawing that question from the consideration of the jury.

The judgment is reversed and the cause remanded. All the judges concur.