DANIEL M. HOUSER, Appellant, v. WM. C. RICH-
ARDSON, Adm'r of JOSEPH B. McCULLAGH et
al., Respondents.

### St. Louis Court of Appeals, October 21, 1901.

1. **Assignment of Chose in Action: TITLE: NOTICE: ASSIGN-
MENT.** One who takes an assignment of a chose in action not evi-
denced by a written instrument, acquires title as against the assignor
without taking any further step, but must give notice to the debtor
to make his claim valid against a junior assignee.

2. ———: ———: ———: EQUITABLE OWNER. And when an
equitable owner assigns his interest in a chose in action, the legal
title to which is held by a trustee, the assignee must notify the
trustee, to protect himself against the claim of a subsequent assignee.

3. ———: ———: ———: NOTICE BY ASSIGNEE TO TRUSTEE:
EFFECT OF. And when an assignee has given notice to a trustee, his
right is not only good against the assignor, but attaches to the prop-
erty itself.

4. **Dividends on Stock: TO WHOM PAYABLE.** Dividends on stock
go to the owner of the stock at the time they are declared to be pay-
able. They are an incident of ownership and the prime object of it.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin
Ferris,* Judge.

AFFIRMED.

#### STATEMENT OF THE CASE.

This suit arose on account of Charles H. Young, de-
ceased, making two sales of a share of stock which he owned

in the Globe Printing Company as heir of Joseph B. Mc-
Cullagh. Young first sold this stock while the estate of Mc-
Cullagh was being administered by William C. Richardson,
the public administrator, to Mrs. Kate Kastle (at that date
Mrs. Manion), and later made another obviously fraudulent
sale of it to the plaintiff. The sale to Mrs. Manion, or Kastle,
was by the following instrument:

"Los Angeles, Cal., Jany. — 1897.

"I, Charles H. Young, being a nephew and one of the
heirs of Joseph B. McCullagh, deceased, and being entitled
to a distributive share of said estate, and, whereas, a portion
of said estate consists of thirty shares of stock in the Globe
Printing Company, now, therefore, I agree to sell my portion
of said stock and by these presents do sell my portion of said
stock coming to me out of said estate to Mrs. Kate Manion, for
the sum and price of One Thousand Dollars per share. One
Thousand Dollars to be paid me by Said Mrs. Manion as soon
as this agreement is delivered to her.

CHARLES H. YOUNG."

Mrs. Kastle gave notice of her purchase to Richardson, the
administrator, shortly after it was made and before Houser
purchased, but gave no notice to the Globe Printing Company.
The material facts are stated in the findings of the court
below which were: 'That Joseph B. McCullagh died in-
testate on the thirty-first day of December, 1896, in the city
of St. Louis; that on January 2, 1897, Wm. C. Richardson,
public administrator in and for said city, took charge of his
estate, which embraced, with other property, thirty shares of
the Globe Printing Company; that defendant Charles H.
Young, now deceased, whose administrator also is the said
Richardson, said Young being the nephew of McCullagh, and

entitled as distributee to two and one-half shares of stock of the said company, by his written contract of sale transferred all his interest in the said two and one-half shares of stock to defendant Kate Kastle, or Manion, at the price of one thousand dollars per share, of which one thousand dollars was paid by her in February, 1897, to Charles H. Young, the balance of the purchase money to be paid by her on delivery to her by him of the shares of stock, the said thirty shares being in the name of Joseph B. McCullagh on the stock books of the Globe Printing Company, not being transferred thereon to Wm. C. Richardson, administrator, until 1899, for the purpose of the final settlement and distribution of the estate of McCullagh.    Immediately upon the execution of the said contract of sale by the said Young, the administrator, Richardson, was verbally informed of such transfer by his then counsel and attorney, Mr. Frank M. Estes, and shortly thereafter defendant, Mrs. Kate Kastle, also verbally informed said administrator of her title to the shares of stock under the sale to her by the said Young.    The court further found that in July, 1897, the plaintiff, Daniel M. Houser, for the sum of twelve hundred dollars paid by him at the time to said Young, purchased from him one share of the stock previously sold by him to said Mrs. Kastle, and then and there notified the Globe Printing Company of said purchase; that said Houser, at the time of said purchase, had no actual notice of the former sale to Mrs. Kastle; that on June 7, 1898, there was delivered to Wm. C. Richardson, administrator, a notice in writing signed by defendant, Kate Kastle, setting out the said purchase by her from said Young of his two and one-half shares of stock.    The court further found that prior to the final distribution of the McCullagh estate an agreement was entered into between plaintiff and defendant Mrs. Kastle, which provided that the one share of stock of the

Globe Printing Company, together with the dividends thereon collected by the said Richardson, should be distributed to the said Houser in trust for whoever shall be adjudged to be the true owner thereof in the present suit, and that thereupon a certificate for the said one share of stock was delivered to the said Houser by the said Richardson, administrator. And the court further found the dividends so received by the said Houser as such trustee to have been the sum of four hundred and eighty-four and fifty one-hundredths dollars from said Richardson on final settlement. The court further found that the said Houser, plaintiff, having paid the said Young the sum of twelve hundred dollars on his purchase of the said share of stock, was entitled to recover that amount from the said Wm. C. Richardson, administrator of the estate of Chas. H. Young, deceased, together with interest thereupon at the rate of six per cent per annum up to the date of the decree, which interest the court computed at the sum of one hundred and eighty-four dollars and forty cents. And the court further found that the defendant, Kate Kastle, was indebted to Wm. C. Richardson, administrator of Charles H. Young, on account of her purchase of said share of stock in the sum of one thousand dollars.

*Ashley C. Clover* for appellant.

(1) The assignee in equitable interest in shares of stock will be protected in equity and by the assignment a trust is created which will be enforced in a court of equity. Morawetz on Corporations (1 Ed.), sec. 326; Thompson on Corporations, secs. 2425, 2427; Ins. Co. v. Goodfellow, 9 Mo. 149; *Vide,* cases cited in note to sec. 326, Morawetz on Private Corporations. (2) The agreement for sale of the shares of the capital stock of the Globe Printing Company by the

Youngs to Mrs. Kastle should have been filed for record in the office of the recorder of deeds of the city of St. Louis. R. S. 1899, secs. 3404-3410-9062. (3) The stock-book of a corporation is the appropriate place to determine the ownership of stock in the corporation, and it is incumbent upon the purchaser of stock, as against third parties, to have the stock transferred upon the books or notify the company of the change in ownership. R. S. 1899, sec. 965; By-laws of the Globe Printing Company; Railroad v. Schuyler, 34 N. Y. 30; Pinkerton v. Railroad, 42 N. H. 424. (4) In equitable assignments, the assignee who first gives notice to the debtor has the superior equity. Murdock v. Finney, 21 Mo. 139; Richard v. Griggs, 16 Mo. 418; 2 White and Tudor's Leading Cases in Equity, p. 1610, where the subject is fully discussed; 2 Story's Equity (12 Ed.), p. 254; Willard's Equity Jurisprudence, p. 164; Adam's Equity (8 Ed.), side paging 452. (5) The doctrine *qui prior est tempore, potior est jure* does not prevail in this State, except when the equities are equal, as for instance, when neither of the contesting assignees has given notice. Murdock v. Finney, 21 Mo. 139; Richards v. Griggs, 16 Mo. 418; Heath v. Powers, 9 Mo. 777; Dearle v. Hall, 3 Eng. Con. Chan. 266.

*James P. Maginn* for respondents.

(1) Mr. Houser had notice, when he purchased, of Mrs. Kastle's prior purchase, by his knowledge of facts, making it his duty to inquire as to her rights, which inquiry would have resulted in such notice. 2 White & Tudor, Leading Cases in Equity (4 American from 4 London Ed.), pp. 45 to 55, inclusive, and cases cited, where in the American notes to Bassett v. Northworthy, will be found a full discussion of the status of conflicting equitable assignees. Vattier v. Huide,

7 Pet. 252-271. White & Tudor, supra, pp. 158 et seq. in American notes to Le Neve v. Le Neve, and cases cited; Bunting v. Ricks, 2 Dev. & Bat. Ch. 130; Russell v. Petrie, 10 B. Mon. 186; Dart on Vendors, chap. 15, sec. 5, p. 786; Peto v. Hammond, 30 Beav. 495. (2) The equitable assignee of a trust estate of personalty who first give notice to the trustee of the assignment, perfects his title. White & Tudor, Leading Cases in Equity, supra, pp. 1579 to 1585 (star pages 793 to 801), English notes to Ryall v. Rowles, and leading cases on this head of Dearle v. Hall, 3 Eng. Con. Ch. 266, and Loveridge v. Cooper, 3 Russ. 30; 2 Story Eq. Jur., sec. 1035a, and cases cited.

GOODE, J.—The circuit court correctly disposed of this cause. As Mrs. Kastle bought the stock first, her right to it was good against Houser, unless she omitted some act which the law exacted of her, to warn others from buying afterwards from the vendor Young. Appellant says that the maxim *qui prior est tempore, polior est jure,* is not in force in this State. But the cases hold it is, and enforce it. Murdock v. Finney, 21 Mo. 138; State Savings Ass'n v. Kellogg, 63 Mo. 540; Pritchard v. Toole, 53 Mo. 356; Minor v. Rogers Coal Co., 25 Mo. App. 78; State ex rel. v. Netherton, 26 Mo. App. 414; St. Louis v. O'Neil Lumber Co., 42 Mo. App. 586. In Murdock v. Finney, it was applied to facts much like those we have here. We can hardly conceive of a system of equity jurisprudence from which so just a principle would be excluded. Of course, the proper limitation of the doctrine must be recognized, too; that is, the equities in favor of the rival claimants must be equal. Subject to that qualification, the rule that he whose right is first in point of time must prevail, necessarily obtains; for otherwise, business could hardly be transacted at all. It would be absurd that a later purchaser should

be preferred to a prior bona fide one who had been in no way remiss. Sales of personalty would cease if a buyer's title might be defeated by a subsequent vendee. The question is, then, did Mrs. Kastle do what the law required of her to make good her purchase of the share from Young?

One who takes an assignment of a chose in action, not evidenced by a written instrument, acquires title as against the assignor without taking any further steps; but must give notice to the debtor to make his claim valid against a junior assignee. Heath v. Powers, 9 Mo. 675; Richards v. Griggs, 16 Mo. 416; Murdock v. Finney, supra. And when an equitable owner assigns his interest in a chose, the legal title to which is held by a trustee, the assignee must notify the trustee, to protect himself against the claim of a subsequent assignee. This is the general rule. Heath v. Powers; Richards v. Griggs; Murdock v. Finney, supra; Bartlett v. Eddy, 49 Mo. App. 32; Dearle v. Hall, 3 Eng. Con. Chan. 266. Its purpose is to enable the trustee to furnish information to any person who may ask about the ownership of the equitable estate, and it is the duty of one intending to purchase such interest to inquire of the trustee. Murdock v. Finney, supra; Vattier v. Huide, 7 Pet. 252; Dearle v. Hall, supra. The rule affords an excellent protection against fraud by the duties thus imposed on the respective parties. If the original assignee omits to give the trustee notice of the assignment to him, he negligently leaves the way open for a fraudulent sale to be made to an innocent purchaser, and is therefore postponed; if the latter makes no inquiry of the trustee, he is culpable in failing to take a reasonable precaution against being swindled, and must suffer the consequences. Applying the rule in this case, it at once appears who is guilty. Mrs. Kastle notified the administrator, Richardson, of her purchase of Young's stock. In the only talk Houser had with Richardson before buying, he

made no specific inquiry about C. H. Young's shares, but was warned by Richardson that it was rather unsafe to purchase the shares of any of the heirs.    Mrs. Kastle did what the law required of her and is therefore safe.    The authorities on the subject hold that when the assignee gives notice to the trustee, his right is not only good against the assignor, but attaches to the property itself.    Dearle v. Hall, supra; Loveridge v. Cooper, 3 Russ. 30; Martin v. Sedgwick, 9 Beav. 333; Foster v. Cockerell, 9 Bligh, N. S. 332; Stocks v. Dobson, 5 De. G. & S. M. 760.    Giving notice to the trustee is in the nature of taking possession by the assignee; or, at least, all he can do towards taking possession or publishing his right.    Dearle v. Hall, supra; Feltham v. Clark, 1 De. G. & S. M. 307. The trustee, after notice, holds for the benefit of the assignee.

Appellant's contention is that Mrs. Kastle should have notified the Globe Printing Company instead of the administrator, but cite no authority in support of that view, and the only authority we have found which bears directly on the question is against it.    Etty v. Bridges, 2 Y. & C. C. C. 486. In that case, shares in the Bank of England were owned by a decedent when he died.    He had no legal representatives to whom notice could be given by one who took an incumbrance on them, and it was held the incumbrancer should have notified the Bank.    But the opinion distinctly states that where there are representatives, they are the proper persons to notify.    The same thought is found in Holt v. Dewall, 4 Hare 447.

The point that Mrs. Kastle should have had her bill of sale from Young recorded in the office of the recorder of deeds, is surely not seriously urged.    It was not an instrument which the law required to be recorded, and recording it would have been a nugatory act to affect Houser or any one else with constructive notice of her purchase.

It is urged that Houser and not she should take the div-

idends that accrued on the stock in the administrator's hands prior to its distribution, because his bill of sale included future dividends by express words, while hers did not. We don't think so. In any event he could take only such as accrued after he bought, which was six months later than she did. But the terms of Young's assignment to Mrs. Kastle made the sale one *in praesenti*. The dividends paid to the administrator all accrued afterwards. Dividends go to the owner of the stock at the time they are declared to be payable. They are an incident of ownership and the prime object of it. Central R. & Bag Co. v. Papot, 5 Ga. 342; Waterman v. Alden, 42 Ill. App. 204; Richardson v. Richardson, 75 Me. 570, and other cases collected in note to Rose v. Barclay, 45 L. R. A. 392. Where delivery of the certificate to the vendee was to be made on a day which fell after the declaration of the dividend, it was held, nevertheless, that he was entitled to it. Phinizy v. Murray, 3 L. R. A. 426; see also Black v. Homersham, L. R. 4 Ech. Div. 24; Harris v. Stevens, 7 N. W. 459. The corporation relieved itself of liability by paying the dividends to the administrator, who held the legal title to the stock and was the right person to collect them. But though a transfer of shares has not been recorded, the transferee has a right to the dividends as against the transferer. Cook on Corporations (4 Ed.), sec. 539, and cases cited. As the money was not needed by the administrator to pay debts of Young or the expenses of administering his estate, Young's transferee was the proper distributee of it. The right to a dividend equitably belongs to him who is the equitable owner of the stock on the day it is declared. Union Screw Co. v. American Screw Co., 13 R. I. 673. This Mrs. Kastle unquestionably was, and hence, the dividends went to her if not required for administration purposes.

The judgment is affirmed, all the judges concurring.