PETER SIMMONSEN *vs.* WILLIAM P. CURTIS and another.

June 23, 1890.

**Replevin for Deed—Jurisdiction of Municipal Court.**—An action in replevin for the possession of a deed conveying real estate, brought by the grantee, where the fact of the deed having been delivered by the grantor is in controversy, involves the title to real estate, and cannot be tried by the municipal court of St. Paul.

**Same—Where Delivery is Disputed.**—An action of replevin will lie, in a court of competent jurisdiction, to recover such a deed, although the fact of its delivery be in controversy.

Appeal by defendants from an order of the municipal court of St. Paul, refusing a new trial.

*F. C. Stevens,* for appellants.

*Willis & Nelson,* for respondent.

GILFILLAN, C. J.   This is an action commenced, tried, and determined in the municipal court of St. Paul, in replevin, to recover possession of a deed conveying real estate, brought by the grantee named in it against the defendants, who claim to have held it as agents of the grantor.   They claiming to hold it not in their own right, but in the right of their principal, the action is not materially different from what it would have been had it been brought against the grantor himself.   The municipal court has no jurisdiction to try actions in which the title to real estate is involved, but whenever it appears in an action that such title is involved it must certify the case to the district court.   The pleadings in the action did not show that title to real estate was involved.   But at the close of the evidence the defendants, claiming that it showed title to be involved, asked to have the case certified to the district court, which was refused, and the court rendered judgment for plaintiff.   If the question of title was involved, the court, when the evidence closed, certainly upon the request to certify the action, lost jurisdiction.   On examining the evidence, we find that the only question of fact litigated was whether the deed had been delivered by the grantor to the grantee, or for

him to his agent,—the plaintiff's evidence tending to show that it was so delivered to plaintiff's agent, Johnson, and that by him it was deposited with defendants as collateral security; that on the part of defendants, that they did not receive it from Johnson, but that it was delivered to them by the grantor, to be by them delivered to the grantee's agent on the performance of a specified condition within a specified time, and, if such condition should not be so performed, to return it to the grantor. In other words, according to the plaintiff's evidence, the deed was delivered, and the title to the land, (so far as the grantor had it,) and the ownership of and right to the possession of the deed, vested in the plaintiff. According to defendants' evidence, the deed was not delivered, the title did not pass, and plaintiff has no right to the deed, for plaintiff could be entitled to the deed only as the holder of the title passed by it. A decision of the issue determines conclusively, as between the parties to the action, that the execution of the deed was or was not consummated by delivery, so that it became or did not become operative as a conveyance of real estate. And it would be the same were the action by this plaintiff against the grantor. Had the action been against the grantor, a judgment in favor of the grantee, awarding him the possession of the deed, would have established in him the title to the land, so far as it depended on the execution of the deed. The defendant in such action could never afterwards have denied the fact of the conveyance. Any action the decision of the issues in which may lead to such a result necessarily involves title to real estate. The decision of the court affects the title. Often the fact of delivery is the only one involved in a contest of title. There might be an action to recover possession of a deed of conveyance that would not involve title to real estate. That would be so where there is no controversy as to the execution of the deed, and where the court is not called on to determine whether it was executed. As soon as it became clear that the fact of the delivery of the deed was in controversy, the court ought to have certified the case to the district court.

The objection has been made that an action of replevin will not lie for the possession of a deed conveying real estate, if the decision will involve the title to the land. We do not see why it may not lie, in a

court of competent jurisdiction, where the only fact to be determined, affecting the title, is that of the delivery of the deed.

Order reversed.