EDWARD B. ROBINSON v. SAMUEL W. STEWART.

*Replevin—Certificate of deposit—Real-estate brokers—Lien.*

1. Replevin will lie for a certificate of deposit indorsed and delivered to a real-estate broker, to be returned to the payee if not used as a deposit on the purchase of certain property, on the broker's failure to make the purchase, and his refusal, on demand, to surrender the certificate to the payee.
2. Real-estate brokers have no lien on money or papers placed in their hands to use in the purchase of land.

Error to Wayne. (Reilly, J.)    Argued October 13, 1893. Decided November 10, 1893.

Replevin.    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*James H. Pound*, for appellant.

*Atkinson & Atkinson*, for plaintiff.

HOOKER, C. J.    The principal question in this case arises over a claim to a lien upon a certificate of deposit.

The plaintiff left with the defendant a certificate of deposit for $500, duly indorsed to the order of the defendant, who gave a receipt for the same as follows, viz.:

"DETROIT, MICH., April 3, 1890.
"Received of Edwin Robinson five hundred dollars, to be returned if not used as a deposit on purchase of Earnshaw Woodward-ave. property for him.
"S. W. STEWART."

This was to be used to close a bargain for certain real estate, owned by a Mrs. Earnshaw, if she would sell it for $30,000.    Defendant subsequently brought the certificate to the plaintiff, and offered it to him, reindorsed,

with the statement that he could not get her to accept the price. Plaintiff did not have the receipt with him, and told defendant to keep the certificate, and he would come in and get it later. He afterwards asked defendant for it, tendering the receipt, but defendant refused to give it to him; whereupon the certificate was replevied.

The defendant now claims that it was not subject to replevin:

1. Because the title to the money passed to him by the indorsement.

2. Because he has a lien upon the certificate for compensation for his services.

The money never was drawn upon the certificate. It was the plaintiff's property, and, as such, as plainly subject to replevin as any other chattel. He put it in defendant's hands for certain purposes and uses, and the fact that defendant had the physical ability to obtain the money, by a violation of the trust upon which he received it, is no reason why replevin should not lie, as long as he did not do so.

The parties give different versions of the transaction. Plaintiff contends that he was not to pay for these services, while defendant admits that he was not to be paid if the trade was not made, but asserts that plaintiff fraudulently prevented it by buying, conjointly with others, through other parties. It is clear, however, that the only purpose for which defendant received the certificate was to pay to Mrs. Earnshaw if she would sell for $30,000. Under these circumstances, would defendant have a lien upon the certificate if he was entitled to compensation? Real-estate brokers have no lien on moneys or papers placed in their hands to use in the purchase of land. *Arthur v. Sylvester*, 105 Penn. Stat. 233; *Steadman v. Hockleg*, 15 Mees. & W. 553, 10 Jur. 819, 15 L. J. Exch. 332; *Hollis v. Claridge*, 4 Taunt. 807; *Sanderson v. Bell*, 2 Cromp. & M. 304.

As this is conclusive of the case, other questions do not require consideration.

The judgment will be affirmed.

The other Justices concurred.