(21 App. Div. 210.)

### D. M. KOEHLER & SON CO. v. FLEBBE.

(Supreme Court, Appellate Division, Second Department. October 19, 1897.)

ASSIGNMENT OF LIQUOR TAX CERTIFICATE—RIGHTS OF ASSIGNEE.

Defendant obtained a liquor tax certificate. A. had advanced $300 to enable him to do so, and defendant assigned, but did not deliver, the certificate to A. as security therefor. Thereafter plaintiff procured a judgment against defendant, and the receiver appointed in proceedings supplementary to the judgment obtained from defendant the possession of the certificate. A. moved for a direction that it be surrendered to him. *Held* that, as against creditors of defendant, neither filing of the assignment nor possession of the certificate by the assignee thereof was essential or required to support the assignment. *Held*, further, that, as between the parties, the statute (Laws 1897, c. 312, § 18) relating to certain sales, assignments, or transfers of certificates had no application.

Appeal from special term, Dutchess county.

Action by the D. M. Koehler & Son Company against Henry Flebbe. From an order directing that a certain liquor tax certificate be surrendered, plaintiff and Frank J. Connolly, as receiver, appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Wood & Morschauser, for appellants.
Gaius C. Bolin, for George I. Amsdell.

BRADLEY, J. In proceedings supplementary to the execution issued upon the judgment against the defendant, Flebbe, Connolly was appointed receiver of his property, and obtained from him the possession of a liquor tax certificate. Before the judgment was recovered, Amsdell advanced to the defendant the sum of $300, to enable him to obtain the certificate. It was taken in the name of the defendant, who, pursuant to the understanding when the money was advanced, assigned the certificate to Amsdell as security for the repayment of the money, and before the receiver so obtained the possession of the certificate the defendant had paid to Amsdell $70 of the amount so advanced. The order was made upon the motion of Amsdell for direction to the receiver to surrender the certificate to him. Upon those facts he was entitled to it, unless there is some statutory provision having the effect to deny such relief to him. It is urged (1) that the transfer of the certificate was void as against the creditors of the defendant; (2) that the certificate was not assignable to Amsdell. In support of the first proposition it is insisted that the assignment came within the provisions of the statute relating to a mortgage of goods and chattels, and, as the assignment was not filed, the continued possession of the mortgagor rendered it ineffectual against creditors. The difficulty with that assumption is that the certificate is a mere chose in action, and, while the assignment was otherwise in the nature of a mortgage of personal property, it did not come within the statute relating to a mortgage of goods and chattels, as those provisions of the statute relate only to things in possession, as distinguished from those in action. And therefore, as against the creditors of the defendant, no filing of the instrument

47 N.Y.S.—24

was required, nor was the possession by the assignee essential to the support of his claim to the certificate. The creditor does not, nor does the receiver, have the character of a bona fide purchaser. The objection that the certificate was not assignable to Amsdell is not available to the appellants. The statute provides for assignment by the holder of a liquor tax certificate to his successor in the business of selling liquors, and further provides "that no such sale, assignment or transfer shall be made except in accordance with the provisions of the liquor tax law." Laws 1897, c. 312, § 18. It does not appear what was the value of the certificate at the time Connolly obtained possession of it, and it is not claimed by the appellants that its value was then in excess of the amount remaining unpaid of the money advanced by Amsdell. In that view, and as the receiver is an officer of the court, he was subject to its lawful direction. As between the parties, the statute has no application to the assignment. It is unnecessary to inquire whether the public authority from which the certificate was derived could be required to recognize as effectual the transfer of such a certificate for the purpose that this was made. That question is not considered.

The order should be affirmed. All concur.