ANCHOR BREWING CO. v. BURNS et al.

(Supreme Court, Appellate Division, Second Department. July 11, 1898.)

1. CHATTEL MORTGAGE—VALIDITY—SECURITY NOT IN ESSE.
    A mortgage of a liquor tax certificate not then in esse cannot give any legal title or lien cognizable in a court of law as the foundation of a cause of action.

2. REPLEVIN—CHOSE IN ACTION.
    Even if an action of replevin would lie in the case of an equitable lien on a chattel, it could not be maintained in the case of a chose in action in a court having no equity jurisdiction, for the court would not have power to compel the defendant to execute an assignment.

3. EQUITY—ENFORCEMENT OF LIEN.
    Equity will only enforce a lien on subsequently acquired property, where superior equities of third parties have not intervened.

Appeal from city court of Yonkers.

Action by the Anchor Brewing Company against Bernard Burns and George Ringler & Co. From a judgment in favor of defendants Ringler & Co., plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

I. J. Beaudrias, for appellant.

F. X. Donoghue, for respondents.

CULLEN, J. In April, 1896, the plaintiff lent the defendant Burns $300, to enable the latter to take out a liquor tax certificate, and Burns executed an assignment to the plaintiff in the form of a chattel mortgage, whereby he sold and assigned "the liquor tax certificate then in force for premises at 48 St. Mary's street, Yonkers, N. Y., and also any and every renewal or subsequent license or tax certificate which might be hereafter issued to aforesaid premises." This certificate expired in May, 1897. In April, 1897, the defendants Ringler & Co. lent Burns the sum of $350, to enable him to take out a new license for the year running from May, 1897, to May, 1898, and Burns assigned such certificate to the defendants Ringler & Co. as security for the loan. Burns paid neither the plaintiff nor Ringler & Co. In November, 1897, the plaintiff brought this action against the defendant Burns to recover possession of the liquor tax certificate for the year 1897 to 1898, or its value ($150), in case return could not be had. On motion, Ringler & Co. were made parties defendant. The action was tried before the city judge of Yonkers, without a jury, and from his decision in favor of the defendants this appeal is taken.

We are of the opinion that the action cannot be maintained. It is strictly an action at law in replevin, and must be considered as such, for the city court of Yonkers has no jurisdiction of equitable actions. At the time of the execution of the mortgage by Burns

to the plaintiff the license or tax certificate for the year 1897 to 1898 was not in existence. The mortgage did not, at the time of its execution, create a lien on the certificate, because that was not in esse; at most it operated as a contract to give a lien. This is effectual in equity as between the parties when the property comes into existence and no rights of creditors or innocent third parties intervene. Kribbs v. Alford, 120 N. Y. 519, 24 N. E. 811; Deeley v. Dwight, 132 N. Y. 59, 30 N. E. 258. We do not understand, however, that such a contract gives any legal title or lien cognizable in a court of law as the foundation of a cause of action (Hale v. Bank, 49 N. Y. 626), though unquestionably it could be set up as a defense, since equitable defenses are, under the present system, admissible in legal actions. McCaffrey v. Woodin, 65 N. Y. 459. In Hale v. Bank, as in the present case, the lien sought to be enforced was on subsequently acquired property. There Judge Allen said:

"Very likely the action cannot be maintained as a common-law action of trover, although it is not necessary to pass upon that question. That action can only be brought by one having the legal title, either as a special or a general owner,—one having the legal right to the possession." .

But there is a further difficulty in this case. The tax certificate is not a chattel, but a chose in action. Niles v. Mathusa, 20 App. Div. 483, 47 N. Y. Supp. 38. The recovery of the piece of paper on which the license is written would be of no advantage to the plaintiff. In its complaint it alleges a demand on the defendant Burns for an assignment of the certificate, and Burns' refusal. The city court of Yonkers has no power to compel Burns to execute any assignment. Therefore, even if an action of replevin would lie in the case of an equitable lien on a chattel, it cannot be maintained in the case of a chose in action.

We are further of opinion that the decision of the city judge was correct on the merits. Equity will only enforce a lien on subsequently-acquired property where superior equities of third parties have not intervened. In this case, as Ringler & Co. advanced the very money which paid for the tax license or certificate in suit, their equity was paramount to that of the plaintiff's.

The judgment appealed from should be affirmed, with costs. All concur.