The motion should be denied, with ten dollars costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Motion denied.

NATHANIEL NILES, Appellant, *v.* MARTIN MATHUSA and the HINCKEL BREWING COMPANY, Respondents.

1. LIQUOR TAX CERTIFICATE NOT A CHATTEL — ASSIGNMENT THEREOF NEED NOT BE FILED AS A CHATTEL MORTGAGE. A liquor tax certificate issued under the Liquor Tax Law (L. 1896, ch. 112) is personal property, but it is not a chattel within the purview of the Chattel Mortgage Act (1 R. S. [9th ed.] 2013), and a transfer thereof as security for a loan is valid as against a subsequent judgment creditor of the assignor, although not filed as a chattel mortgage.

2. ESTOPPEL. An assignee of a liquor tax certificate, who allows it to remain in the hands of the assignor, is not thereby estopped from setting up title thereto as against a subsequent judgment creditor of the assignor; and, although such creditor is entitled to reach, through a receiver in sup-

plementary proceedings, the assignor's interest in such certificate, subject to the provisions of the Liquor Tax Law, he stands in no different or better position than if he were a subsequent assignee of the certificate as security for his debt.

*Niles* v. *Mathusa,* 20 App. Div. 483, affirmed.

(Argued March 23, 1900; decided May 1, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered in favor of defendants September 18, 1897, upon the submission of a controversy on an agreed statement of facts under section 1279 of the Code of Civil Procedure.

The facts, so far as material, are stated in the opinion.

*George H. Corey* and *George E. Morgan* for appellant. The liquor tax certificate is property, the assignment of which must be recorded to be good as against a *bona fide* creditor. (*People* v. *Durante,* 19 App. Div. 292 ; *Neligh* v. *Michenor,* 3 Stock. Ch. 542; Story's Eq. Juris. § 1021.) The assignee, by allowing the certificate to remain in the hands of the assignor, and by clothing him with the apparent ownership, is estopped from now setting up title to such certificate. (*McNeil* v. *T. Nat. Bank,* 46 N. Y. 325 ; *Moore* v. *M. Nat. Bank,* 55 N. Y. 41; *Matter of Gillespie,* 15 Fed. Rep. 734 ; Bispham's Principles of Equity [5th ed.], §§ 168, 169 ; 1 Am. & Eng. Ency. of Law, 840 ; *Judson* v. *Corcoran,* 17 How. [U. S.] 612 ; *Spain* v. *Hamilton,* 1 Wall. 625 ; *Van Buskirk* v. *H. Ins. Co.,* 14 Conn. 145 ; *Campbell* v. *Day,* 16 Vt. 558 ; 2 Pomeroy on Equity, § 698.)

*Robert G. Scherer* and *J. Murray Downs* for respondents. The liquor tax certificate was assignable. (*People ex rel.* v. *Lyman,* 156 N. Y. 410.) The certificate is a chose in action. (*Niles* v. *Mathusa,* 20 App. Div. 483; *Koehler & Son Co.* v. *Flebbe,* 21 App. Div. 210 ; *Anchor Brewing Co.* v. *Burns,* 32 App. Div. 272; *Matter of Jenney,* 19 Misc. Rep. 244.) It was not necessary to file the assignment of the certificate in the county clerk's office. (*Niles* v. *Mathusa,* 20 App. Div. 483 ; *Koehler &*

*Son Co.* v. *Flebbe*, 21 App. Div. 210 ; *Matter of Jenney*, 19 Misc. Rep. 244 ; *Thomas* v. *Schumacher*, 17 App. Div. 441 ; Code Civ. Pro. § 3343 ; L. 1896, ch. 908, § 2, subd. 4 ; L. 1897, ch. 417, § 21, subd. 6 ; 3 Am. & Eng. Ency. of Law, 167, 235.) The assignment to the defendant Hinckel Brewing Company being prior in point of time, is effectual as against the plaintiff, a creditor by execution, and it was not necessary for the defendant brewing company to give any notice to subsequent assignees or attaching creditors. (*Chambers* v. *Lancaster*, 160 N. Y. 348 ; L. 1897, ch. 418, § 115 ; *Williams* v. *Ingersoll*, 89 N. Y. 509 ; *Fortunato* v. *Patten*, 147 N. Y. 277 ; *Matter of Hone*, 153 N. Y. 522 ; *York* v. *Conde*, 147 N. Y. 486.)

BARTLETT, J. The Hinckel Brewing Company in June, 1896, loaned to defendant Mathusa money for the purpose of purchasing a certificate under the Liquor Tax Law (Ch. 112, Laws 1896) ; Mathusa assigned the certificate to the company as security for the loan, the same to remain its property until payment.

In December, 1896, the plaintiff recovered a judgment against Mathusa, and issued execution thereon which was returned unsatisfied.

Proceedings supplementary to the execution were instituted and a receiver duly appointed.

The plaintiff claims that the liquor tax certificate is a chattel, and a transfer thereof as security for a debt is only valid as against creditors when it is filed as a chattel mortgage.

It is also argued that as the assignee allowed the certificate to remain in the hands of the assignor, thus clothing him with apparent ownership, he is estopped from setting up title as against plaintiff.

The question whether the certificate is to be regarded in law as a chattel is now presented to this court for the first time. The Appellate Divisions are not at agreement on this subject. In *People* v. *Durante* (19 App. Div. 292) the Appellate Division, first department, held the certificate to be

personal property within the definition of the statute that
" everything except real property, which may be the subject
of ownership," is personal property.   (Statutory Construction
Act, Laws 1892, ch. 677, § 4.)

From this it was argued that everything which may be
assigned is capable of being mortgaged, and, consequently, a
chattel mortgage of a certificate is valid.

In *Koehler & Son Co.* v. *Flebbe* (21 App. Div. 210) and
*Anchor Brewing Co.* v. *Burns* (32 App. Div. 272) the Appel-
late Division, second department, held that the certificate is a
chose in action and not a chattel.

The certificate is very brief, its form being set forth in the
statute.   It is issued by the special deputy commissioner or
the county treasurer, and is merely a receipt for the money
paid, by the person named, as excise tax under the law on the
business of trafficking in liquor to be carried on in a certain
place for a definite period.

Beneath the date and signature appear these printed words :
" Severe penalties are imposed for neglect or refusal to place
and keep this certificate conspicuously in your place of
business."

The rights and privileges conferred and obligations imposed
by this certificate are to be found in the statute and not on
the face of the instrument.

The certificate differs essentially from the licenses issued
under former excise laws ; it may be surrendered and the
unearned portion of the tax is returned ; it can be assigned,
subject to the limitations of the statute, and if the holder dies
it is an asset in the hands of his executor or administrator
who may collect the rebate.   The certificate is undoubtedly
personal property under accepted definitions, but it remains
to be considered whether it is in legal contemplation a chattel,
and, consequently, within the following provision of the
Revised Statutes relating to chattel mortgages : " Every mort-
gage or conveyance intended to operate as a mortgage, of
goods and chattels hereafter made, which shall not be accom-
panied by an immediate delivery and be followed by an actual

and continued change of possession  *  *  *  shall be absolutely void  *  *  *  unless the mortgage, or a true copy thereof, shall be filed.  *  *  *"  (Laws 1833, ch. 279, § 1; R. S. [9th ed.] p. 2013.)

The Statutory Construction Law (Ch. 677, Laws 1892, § 4) provides: " The term personal property includes chattels, money, things in action, and all written instruments themselves, as distinguished from the rights or interests to which they relate, by which any right, interest, lien or incumbrance in, to or upon property, or any debt or financial obligation is created, acknowledged, evidenced, transferred, discharged or defeated, wholly or in part, and everything, except real property, which may be the subject of ownership. The term chattels includes goods and chattels."

The Tax Law (Ch. 908, Laws 1896, § 2, subd. 4) provides: " The terms ' personal estate,' and ' personal property,' as used in this chapter, include chattels, money, things in action, debts due from solvent debtors, whether on account, contract, note, bond or mortgage," etc.

This section deals with other details not necessary to quote and includes public stocks, stocks in moneyed corporations, etc.

Bouvier's Law Dictionary, title " chattel," states: " Personal chattels are, properly, things movable, which may be carried about by the owner, such as animals, household stuff, money, jewels, corn, garments and everything else that can be put in motion and transferred from one place to another."

The definitions quoted above are exceedingly elementary, but the contention of the appellant renders it necessary to recall them as they are a complete answer to his argument.

The term " personal property" is comprehensive and includes chattels; the term " chattel" refers to things that can be used, handled, transported, as horses, carriages, furniture, machinery, tools and the numberless objects to be seen about us in every-day life, the value of which is in the possession of the thing itself.

The drafter of the Chattel Mortgage Act, when confining

its operation to "goods and chattels," had the clear distinction in mind which has always existed between personal property and chattels.

The certificate, the nature of which we are considering, has no attribute of a chattel; the holder of it has in his possession a paper writing which is a receipt for money and a license to traffic in liquors, which may be canceled at his pleasure, assigned, and will pass to his legal representatives if he dies.

In so far as the paper is a receipt, the fact appears on its face; to ascertain the other rights of the holder resort must be had to the statute.

If a thief should steal this certificate it would.be waste paper in his hands; if he should make off with a horse and escape detection he would realize its value.

In the one case the thief would be in possession of an unassigned chose in action and in the other of a chattel which could be sold for its full value.

The liquor tax certificate is personal property, but it is not a chattel within the purview of the Chattel Mortgage Act.

The appellant's further point is that as the assignee allowed the certificate to remain in the hands of the assignor, thus clothing him with apparent ownership, he is estopped from setting up title as against plaintiff.

The appellant is not a *bona fide* purchaser, but a judgment creditor.

There is no proof as to when the cause of action arose that is represented by the judgment, nor is there evidence that the plaintiff parted with anything of value, or changed his situation in any way to his damage, on the faith of Mathusa's apparent ownership of the certificate.

The brewing company received its assignment of the certificate about six months before the plaintiff recovered his judgment. The plaintiff, as a judgment creditor, is entitled to reach, through the receiver in supplementary proceedings, Mathusa's interest in the certificate, subject to the provisions of the Liquor Tax Law and nothing more. He stands in no

different or better position than if he were a subsequent assignee of the certificate as security for his debt.

The law is well settled in this state that as between different assignees of a chose in action by express assignment from the same person, the one prior in point of time will be protected, although he has given no notice of such assignment to either the subsequent assignee or the debtor. (*Fortunato* v. *Patten*, 147 N. Y. 277, 283; *Fairbanks* v. *Sargent*, 104 N. Y. 108; *S. C.*, 117 N. Y. 320; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Muir* v. *Schenck*, 3 Hill, 228.)

The judgment appealed from should be affirmed, with costs.

GRAY, MARTIN, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., not voting; VANN, J., absent.

Judgment affirmed.