(78 Misc. Rep. 524.)

### STATE BANK OF MAYVILLE v. JENNINGS et al.

(Supreme Court, Equity Term, Cattaraugus County.   December, 1912.)

1. EQUITY (§ 60*)—MAXIMS—CONFLICTING EQUITIES.

Other things being equal, the equitable rule between conflicting in-- terests or liens is that the one prior in time is superior in right.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 181; Dec. Dig.. § 60.*]

2. ASSIGNMENTS (§ 85*)—CONFLICTING EQUITIES—LACHES.

Where defendant advanced money upon his debtor's promise to assign a lease, but actual possession of the lease was never given, though the· assignment was made, he, who a number of years later receives posses- sion of the lease upon an assignment to secure him for advances, has a prior lien; defendant being barred from enforcing his right by his own. laches.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 149–151;. Dec. Dig. § 85.*]

Action by the State Bank of Mayville against Linson De F. Jen-. nings and others to declare a foreclosure and lien.   Judgment for· plaintiff.

Wilson C. Price, of Jamestown, for plaintiff.

William Russell and William G. Martin, both of Mayville, for de-- fendants.

BROWN, J.   On June 16, 1888, Susan B. Jennings borrowed of defendant Howard $1,000 to purchase a leasehold estate in lot 121 of the Chautauqua Assembly, the defendant Howard to receive as se- curity for such loan a promissory note of that amount, dated that day, due in three years, made by Susan B. Jennings to the order of, and indorsed by, Linson De F. Jennings, together with an assignment of the lease above referred to.   On the day of the loan the promissory note was made and delivered.   On June 27, 1888, the Chautauqua As- sembly made, executed, and delivered to Susan B. Jennings a lease of lot 121 for 99 years from August 13, 1875, in consideration of the assignment and surrender of a former lease of said lot, issued June 29, 1877; and on June 27, 1888, the said Susan B. Jennings executed and delivered to the defendant Howard an assignment of such Chau- tauqua Assembly lease of June 27, 1888, as collateral security for the payment of a promissory note of $1,000, made by L. De F. Jennings and Susan B. Jennings, becoming due May 16, 1891, and payable to the order of defendant Howard.   In June, 1888, Susan B. Jennings went into possession of such leasehold, and continued in the exclusive possession thereof until her death in 1908.   At the time of such as- signment of such lease by Susan B. Jennings to defendant Howard, the lease itself, executed by the Chautauqua Assembly, was in the possession of Susan B. Jennings.   It was not delivered to the defend- ant Howard, and there is no proof that he ever saw it.   He permitted the same to remain in the possession of the lessee, Susan B. Jennings.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On August 24, 1892, Susan B. Jennings made, executed, and delivered to Skinner, Minton & Co., a banking copartnership, an assignment of the Chautauqua Assembly lease as collateral security for the payment of two promissory notes, dated that day, made by L. De F. Jennings, and indorsed by Susan B. Jennings, amounting to $300, and as security also for the payment of all other obligations then existing or which might thereafter exist against the said Susan B. Jennings in favor of said firm of Skinner, Minton & Co.; and concurrent therewith the said Susan B. Jennings delivered to Skinner, Minton & Co. the said Chautauqua Assembly lease, the consideration for such promissory notes and assignment being the sum of $300 that day advanced to Susan B. Jennings by said Skinner, Minton & Co. Prior to September, 1900, the plaintiff succeeded to all the banking business of the copartnership of Skinner, Minton & Co., and became the owner and in possession of said promissory notes of August 24, 1892, and their renewals, and also in possession of said assignment to Skinner, Minton & Co., and of said lease of the Chautauqua Assembly, which has ever since remained in plaintiff's possession. On September 14, 1900, the said Susan B. Jennings made, executed, and delivered to the plaintiff an assignment of said Chautauqua Assembly lease as collateral security for the payment of $2,500, or any part thereof, as represented by promissory notes made by said Susan B. Jennings and held by the plaintiff, and all other obligations then or thereafter existing to said plaintiff. During the time plaintiff had said lease in its possession, and while holding the same as assignee by virtue of said assignments, and upon the faith of said lease and its title thereto and possession thereof, the plaintiff loaned to Susan B. Jennings, by discounting her notes at various dates, the sum of upwards of $2,500, without any notice of the assignment to defendant Howard, or of any claim by him to said lease. These loans not having been paid; the plaintiff brought this action for the foreclosure and sale of such leasehold and that it be paid the amount of its claim out of the proceeds of such sale. The defendant Howard answers, and alleges that his claim is a first lien upon such leasehold. Neither the lease nor any of the assignments thereof having been recorded, the question to be determined is: Who is entitled to priority?

[1, 2] The general rule undoubtedly is that in equity, between conflicting equitable interests or liens, other things being equal, the one that is prior in time is superior in right. Central Trust Co. v. West India Co., 169 N. Y. 323, 62 N. E. 387. The difficulty in applying such rule to this case lies in the fact that the equities of claimants are not equal. The defendant Howard did not obtain possession of the lease when he took his assignment. He advanced his money June 16, 1888, on the promise of Susan B. Jennings to assign the lease to him. The lease was not assigned until June 27, 1888. He permitted Susan B. Jennings to retain possession of the lease. He did not advance his money on the faith of the possession of the lease. He never had possession of it. The plaintiff did obtain possession of the lease when it took its assignment. It advanced its money on the faith of the possession of the lease at a time when it had such possession. It had

no notice of the claim of defendant Howard. It has ever since retained and now has possession of the lease.

It is sought by defendant Howard to maintain his claim upon the leashold upon the theory that the purchaser of a chose in action, or the assignee of a mere equity, must stand upon the title of the assignor, and must fail if his assignor had made a prior assignment of the·same equity, citing many authorities in the Court of Appeals. It is quite apparent that the cases relied upon do not establish any such rule applicable to the facts under consideration. In Niles v. Mathusa, 162 N. Y. 546, 57 N. E. 184, a liquor tax certificate was signed by defendant as security for a loan, and the certificate was left in defendant's possession. Plaintiff claimed title through a receivership appointed in supplementary proceedings to collect a judgment. There being no proof that plaintiff parted with anything of value on the faith of defendant's apparent ownership, it was held that the assignee took title. In Fortunato v. Patten, 147 N. Y. 277, 41 N. E. 572, none of the assignees had possession of the contract, and their several rights were determined in the order of their assignments. In Fairbanks v. Sargent, 104 N. Y. 108, 9 N. E. 870, 6 L. R. A. 475, 58 Am. Rep. 490, the chose in action assigned was an interest in an open book account which was incapable of manual delivery, and no assignee would acquire any superior right over any other assignee by virtue of any possession or apparent ownership of the claim. In Central Trust Co. v. West India Imp. Co., 169 N. Y. 314, 62 N. E. 387, the second and subsequent assignees of the bonds did not discount the trust notes and advance money thereon on the faith of the bonds themselves, but on the promise of the Improvement Company, when it received the bonds, to deliver them to those assignees. The certificates attached to the notes informed the holders that the assignment was only of the right, title, and interest of the Improvement Company in the bonds and that the bonds were not in its possession. In this case none of the parties claiming the bonds received them into possession at the time of paying money thereon.

The fact that the defendant Howard did not take possession of the leasehold, but permitted Susan B. Jennings to retain the same, thus endowing her with the apparent ownership, and enabling her to assign and deliver it to the plaintiff, and permitting the plaintiff to retain such possession for 16 years, impresses his act with such laches and neglect that it would be unfair and unjust to award him a superior title to that of the plaintiff, even though his assignment is prior in point of time. Such result is quite satisfactory, especially in view of the fact that, during the period plaintiff has had such possession of the lease and title by assignment as collateral security for money advanced to the assignor, it has in fact, without any notice of the claim of defendant Howard, paid to the assignor upon the faith of such possession and title the sum of upwards of $2,500.

Plaintiff may have judgment of foreclosure, and establishing its claim as a first lien upon the property, together with costs.