## BACHMANN-BECHTEL BREWING CO. v. GEHL.

(Supreme Court, Appellate Division, Second Department. January 24, 1913.)

1. REPLEVIN (§ 57*)—PLEADING—COMPLAINT.
    Liquor Tax Law (Consol. Laws 1909, c. 34) § 26, authorizes the holder of a liquor tax certificate to sell and transfer it to any person not forbidden to traffic in liquors; section 21 enumerates the things which disqualify a person from engaging in the liquor traffic; and section 22 declares certain persons incompetent to engage in such traffic. Laws 1911, c. 407, amending section 26, recognizes the transfer of a certificate as collateral security as a purpose not within the section; and Laws 1912, c. 263, provides for registration and proof of the assignment of certificates as collateral security. Plaintiff advanced money to defendant to enable him to procure a certificate, for which defendant gave his note and assigned the certificate as collateral security. *Held*, in replevin for the certificate, that the cause of action did not rest upon the liquor tax law, but upon the assignment, and that the complaint need not allege that plaintiff was "not forbidden to traffic in liquors."
    [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 200–210; Dec. Dig. § 57.*]

2. PROPERTY (§ 2*)—SUBJECTS OF.
    A liquor tax certificate, which has a value given to it by the statute, whereby it may be surrendered and a portion of the money refunded, or a new certificate issued for business elsewhere, or whereby the assignee may do business at the place for which the certificate was issued, represents property, and is itself personal property.
    [Ed. Note.—For other cases, see Property, Cent. Dig. § 2; Dec. Dig. § 2.*]

3. CHATTEL MORTGAGES (§ 11*)—PROPERTY SUBJECT TO MORTGAGE—LIQUOR TAX CERTIFICATE—"CHATTEL."
    A liquor tax certificate is not a "chattel," within the chattel mortgage law.
    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 47–53; Dec. Dig. § 11.*
    For other definitions, see Words and Phrases, vol. 2, pp. 1093–1098; vol. 8, p. 7600.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. CHATTEL MORTGAGES (§ 230\*)—CRIMINAL RESPONSIBILITY—FRAUDULENTLY SECRETING PERSONAL PROPERTY.**

A liquor tax certificate is not a chattel, within Pen. Code, § 571, which makes it a misdemeanor to sell, assign, or secrete any mortgaged personal property.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 489–493; Dec. Dig. § 230.\*]

**5. TROVER AND CONVERSION (§ 2\*)—SUBJECTS OF CONVERSION—CHOSES IN ACTION.**

An action in trover may be maintained for choses in action.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 3–20; Dec. Dig. § 2.\*]

**6. REPLEVIN (§ 4\*)—PROPERTY SUBJECT TO REPLEVIN—IN GENERAL.**

Documents may be replevined, if they have value, as deeds, record books of corporations, certificates of stock, verified claims against an estate, notes and bills of exchange, bonds, and certificates of deposit; but a canceled check, which is a mere voucher, without pecuniary value, may not be replevined.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 4–19, 21–26; Dec. Dig. § 4.\*]

**7. REPLEVIN (§ 4\*)—PROPERTY SUBJECT—STATUTE—LIQUOR TAX CERTIFICATE.**

Under the law providing for the replevin of chattels, a liquor tax certificate may be replevined.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 4–19, 21–26; Dec. Dig. § 4.\*]

Appeal from Special Term, Kings County.

Action by the Bachmann-Bechtel Brewing Company against Rudolph Gehl. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and demurrer overruled.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Arthur B. Hyman, of New York City. (Isaac Loewenthal, of New York City, on the brief), for appellant.

Gustav Gunkel, of New York City, for respondent.

THOMAS, J. The appeal is from an order sustaining a demurrer to complaint in an action to replevin a liquor tax certificate assigned to plaintiff. The questions are: (1) May such an action be sustained? (2) If so, should the complaint allege that plaintiff is "not forbidden to traffic in liquors" (section 26, Liquor Tax Law)?

[1] The plaintiff advanced $1,200 to the defendant to enable him to procure the certificate, for which the latter gave his note and assigned the certificate as collateral security. The Liquor Tax Law (section 26) provides, in effect, that the person to whom the certificate is issued may transfer it, save where it is issued under subdivisions 3, 5, or 6 of section 8, to any person "not forbidden to traffic in liquors under this chapter, nor under the subdivision of section 8 under which such certificate was issued," and that the transferee may carry on the business upon the premises described in the certificate, if such traffic is not prohibited therein, as if he were the original applicant, upon filing a new application and bond, and the presentation of the certificate to the officer issuing it, who shall stamp on its face consent to the

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

transfer, provided, however, that no transfer shall be made except in accordance with the chapter, nor by any holder who shall have been convicted, etc. If, now, section 8 with its varied limitations be read, and there be ascertained the things existing or that may happen to disqualify a person from trafficking in liquors as enumerated in section 21, and the persons by section 22 made incompetent to engage in the business, it can be understood what and how many things the transferee must negative by pleading and proof as a condition precedent to recovery if the demurrer upon the first ground be sustained.

It will be observed that the statute qualifies the certificate holder to sell, as well as the transferee to buy; and it would be, as I deem it, a strange rule that the vendor, having transferred and keeping the consideration, and at the same time converting the certificate, could compel the buyer to plead and prove the qualifications of the parties by showing affirmatively that the vendor and vendee had committed none of the criminal acts and fallen under none of the many disabilities mentioned in the several sections. The cause of action does not rest on the statute, but on the defendant's assignment. There is no general prohibition against vending the certificate, as in the cases of prohibiting a nonresident corporation or a plumber from doing business in the state without public sanction; but rather there is a general grant of power to the owner to sell to any and all persons, provided they be not or do not become disqualified to take and to hold the certificate. So that, if the defendant could be heard at all to object to a transferee whose money he has, he must show, if he would, how the transferee is excluded. But the section has no relevancy to the case at bar. It is obvious that it simply enables the holder of the certificate to transfer it for the purpose of substituting the transferee in his place of business with the consent of the proper official. The complaint here shows that the certificate was transferred as collateral security, a purpose quite distinct from the other, and in its nature not contemplated by section 26. The original section makes this plain, but the amendment by chapter 407 of the Laws of 1911 recognizes the transfer of a certificate as collateral security as a purpose not within the objects to be effected by the section. Moreover, the transfer of certificates as collateral security is recognized by statute, and provision made for registering the assignment and proving the fact. Chapter 263, Laws of 1912. This objection to the complaint is not well taken.

[2] The next and important question is whether the certificate is the subject of replevin. The certificate itself is an official document in statutory form, stating that a person named has paid a sum of money for an excise tax for trafficking in liquors for a stated period. The certificate has a value given to it by the statute, whereby it may be surrendered, and a portion of the money paid be refunded, or a new certificate issued for business elsewhere, or the assignee may be permitted to do business at the place for which the certificate was issued. The certificate represents property, and is itself property, somewhat as a warehouseman's receipt is personal property. This quality has been judicially declared. Matter of Cullinan (Kray Certificate) 82 App. Div. 445, 81 N. Y. Supp. 567; Matter of Lyman, 160 N. Y.

96, 54 N. E. 577; Matter of Livingston, 24 App. Div. 51, 48 N. Y. Supp. 989; Niles v. Mathusa, 162 N. Y. 546–549, 57 N. E. 184. But is it such personal property as may be replevined? In Anchor Brewing Co. v. Burns, 32 App. Div. 272, 52 N. Y. Supp. 1005, the action was by a mortgagee to recover a certificate not existing when the mortgage was made, but a renewal thereof, also attempted to be mortgaged, but in fact, assigned to another. The court decided: (1) That the mortgage did not cover the certificate not in existence; (2) that the lien by mortgage would not give required title; (3) that the certificate was not a chattel, and there is probably a suggestion that replevin would not lie.

[3, 4] That the certificate is not a chattel, within the chattel mortgage law, has been decided. Niles v. Mathusa, supra; Koehler & Son Co. v. Flebbe, 21 App. Div. 210, 47 N. Y. Supp. 369. The court, in Anchor Brewing Co. v. Burns, supra, conceived that the certificate was only a piece of paper of no advantage to the plaintiff. That may have been so in that instance, but it is a valuable piece of paper under the present law. That the Liquor Tax Law has imparted to certificates the quality of property is beyond question. In People v. Durante, 19 App. Div. 292, 45 N. Y. Supp. 1073, the decision was that a certificate was such property as could be the subject of a chattel mortgage within the meaning of Penal Code, § 571; and in Koehler & Son Co. v. Flebbe, supra, it was decided that it was not. In Niles v. Mathusa, supra, there was final disposition of that question by decision that the certificate was not a chattel for the purposes of that act, although "undoubtedly personal property." If, now, a thing must be such a chattel as may be mortgaged to be the subject of an action in replevin, this action cannot be maintained.

[5, 6] It is a reasonable contention that a valueless piece of paper is not the subject of replevin. That view was presented in Flannigan v. Goggins, 71 Wis. 28, 36 N. W. 846, where the action was to replevin a deed, and so it was considered that a paid and canceled check, become a mere voucher and without pecuniary value, was not the subject of replevin. Barnett v. Selling, 70 N. Y. 492, 496. It does not aid respondent's position to classify the certificates as choses in action, inasmuch as action in trover may be maintained for them. Murray v. Burling, 10 Johns. 172. But many documents differing in nature may be replevined, if they have value, as deeds (Wilson v. Rybolt, 17 Ind. 391, 79 Am. Dec. 486, where it was held that deeds fell under the statutory words "personal goods"; Simmonsen v. Curtis, 43 Minn. 539, 45 N. W. 1135), record books of corporations (Southern Plank Road Co. v. Hixon, 5 Ind. 165; Sawyer v. Baldwin, 11 Pick. [Mass.] 492), certificates of stock (Smith v. Downey, 8 Ind. App. 179, 34 N. E. 823, 35 N. E. 568, 52 Am. St. Rep. 467; McAllister v. Kuhn, 96 U. S. 87, 24 L. Ed. 615, where the action was for conversion), a verified claim against an estate (Willis v. Marks, 29 Or. 493, 45 Pac. 293), promissory notes (Masson v. Bovet, 1 Denio, 69, 75, 43 Am. Dec. 651; Boughton v. Bruce, 20 Wend. 234), checks (Haas v. Altieri, 2 Misc. Rep. 252, 21 N. Y. Supp. 950), bills of exchange (Smith v. Eals, 81 Iowa, 235, 237, 46 N. W. 1110, 25 Am. St. Rep.

‑486), bonds (Sager v. Blain, 44 N. Y. 445), and certificates of deposit ‑(Robinson v. Stewart, 97 Mich. 454, 56 N. W. 853).

[7] The statute at one time provided for the replevin of "beasts, ‑or goods, or chattels of any person" (1 Revised Laws, 91), but all things so described have been carried into our present statute under the word "chattel," and the courts have brought under this statutory term things such as are usually defined choses in action—things dis‑ ‑similar in nature and use from beasts, goods, and chattels. Why ‑should a certificate of stock be regarded as a chattel and a liquor tax ‑certificate not? It will not be asserted that a note negotiable may be ‑replevined, and that a note nonnegotiable may not be. A nonnegotia‑ ble instrument is as useless in a thief's hands as a liquor tax certificate, ‑and would probably cause the owner less damages. A liquor tax cer‑ ‑tificate is legally known as personal property, is capable of assign‑ ‑ment, commonly used as proper collateral for loans, and is recognized ‑as transferable as collateral security by the decisions and statute, and ‑provision by statute made for the registration of the transfer and ‑proving the same. If the plaintiff may not protect his property rights ‑by recovering the possession of the certificate, the value of which ebbs day by day, how may he be protected then? In Matter of Lyman, 160 ‑N. Y. 96, 54 N. E. 577, it was said:

"The holder may invoke the general rules of law for the protection of property in any proceeding having for its object the forfeiture or destruction ‑of the right which the certificate confers."

That sentence means little, if the assignor may consume the res.

The interlocutory judgment should be reversed, with costs, and the ‑demurrer overruled, with costs. All concur.