JOHN L. JACKSON, Respondent, *v.* RUBY H. TALLMADGE and Another, Appellants.

Third Department, March 3, 1926.

Insurance — life insurance — action by creditor of beneficiary to set aside assignment by beneficiary of rights under life policy — beneficiary of policy issued by South Dakota corporation on life of resident of North Dakota assigned policy in North Dakota to resident of New York one week before death of insured — assignment was mailed to assignee — transfer was completed in North Dakota — specific acceptance not required — assignment must be tested by North Dakota law — absence of proof of North Dakota law would require construction by common law of New York — assignment was fraudulent as to creditors under common law and also under statute of North Dakota and may be set aside at suit of creditor.

An assignment executed in North Dakota by the beneficiary of a life insurance policy on the life of a resident of North Dakota issued by a South Dakota corporation and mailed to the assignee, a resident of New York, became effective at the time and place of mailing. Specific acceptance of the assignment was not required to complete it.

Accordingly, in an action by a creditor of the beneficiary to set aside the assignment on the ground that it was made in fraud of creditors, the assignment must be construed by the law of North Dakota, and in the absence of proof of the North Dakota law it would be necessary to construe it by the common law of New York as declared by our courts, which is presumed to be the common law obtaining in the State of North Dakota.

Under the common law of this State an assignment by a beneficiary named in a life insurance policy of all her rights therein may be attacked by her creditors' on the ground that it was executed in fraud of them and where, as in this case, it appears that the assignment was made for the purpose of defrauding the creditors of the beneficiary, the assignment will be set aside as fraudulent under the common law and statute of North Dakota, and the judgment of the creditor satisfied from the moneys remaining in the hands of the assignee.

APPEAL by the defendants, Ruby H. Tallmadge and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 25th day of March, 1925, upon the decision of the court rendered after a trial at the Tompkins Trial and Special Term before the court without a jury.

The opinion of the Supreme Court is reported in *Jackson* v. *Tallmadge* (124 Misc. 389).

*Hampton H. Halsey* [*John D. Lynn* of counsel], for the appellants.

*Newman & Newman* [*Charles H. Newman* of counsel], for the respondent.

H. T. KELLOGG, J. The defendant Ruby H. Tallmadge lived with her husband, Carl E. Tallmadge, in the city of New England

in the State of North Dakota. Carl E. Tallmadge, on the 25th day of May, 1917, took out a policy of life insurance in the Northwestern Life Insurance Company of Aberdeen, in the State of South Dakota. The insurance company, under the terms of the policy, engaged to pay, upon the death of Carl E. Tallmadge, the sum of $25,000 to his wife. The policy was in force on February 3, 1923. On that date Ruby H. Tallmadge executed an instrument in writing transferring all her interest in the policy to her brother, the defendant Hampton H. Halsey, of Rochester, N. Y. At this time both Ruby H. Tallmadge and Carl E. Tallmadge were insolvent. The instrument of transfer was mailed from New England, N. D., addressed to the defendant Halsey at Rochester, N. Y., on February 3, 1923. It was received by Halsey on February 7, 1923. Carl E. Tallmadge died on February 10, 1923, at New England, N. D. His body was thereupon brought by his wife to the State of New York. Upon her arrival Ruby H. Tallmadge told her brother, Hampton H. Halsey, that she had made the transfer because she and her husband were in financial straits; that she desired Halsey to collect the insurance and hold the moneys in trust for herself and her infant son as their needs might arise. Halsey sent the assignment to the insurance company, with proofs of death, and upon February 19, 1923, received from the company a draft for $22,077.06, being the amount, after deducting charges, which was due upon the policy. Halsey deposited the proceeds of the draft to his own credit in a banking institution. He has drawn his checks upon the fund for upwards of $10,000 to make payments as requested by Ruby H. Tallmadge. He has made investments in real estate mortgages, taken in his own name, to the extent of more than $10,000. This plaintiff, on October 15, 1923, recovered a judgment against Ruby H. Tallmadge for $6,211.63 upon a promissory note, of which she was a joint maker with her husband, made and delivered prior to February 3, 1923. An execution, issued upon the judgment, was returned unsatisfied. Thereafter this action was brought to set aside the transfer of the policy made on February 3, 1923, on the ground that it was executed in fraud of creditors and of this plaintiff, and to procure the application of the insurance moneys, or their proceeds, upon the plaintiff's judgment, in so far as that might be necessary to extinguis the same.

Where a life insurance policy is assigned, the validity of the assignment is to be determined by the law of the place where it is made. (*Barry* v. *Equitable Life Assurance Society,* 59 N. Y. 587; *Miller* v. *Campbell,* 140 id. 457; *Spencer* v. *Myers,* 150 id. 269; 34 L. R. A. 175, note.) In the *Miller* case the policy was

issued in the State of Massachusetts. It was assigned by the beneficiary, the wife of the assured, in the State of New York. The court said: " But the contract, which is in question here, is the agreement by the married woman to assign the policy, and its validity depends upon her capacity under New York laws to make it." In our case the policy was issued by a South Dakota corporation upon the life of a North Dakota resident for the benefit of his wife. The wife executed an instrument of transfer in North Dakota and mailed it from North Dakota to the defendant Halsey, the transferee, in New York State. It would seem that the transfer was complete in the State of North Dakota. In *Alexander* v. *Steinhardt* (L. R. [1903] 2 K. B. 208) it was held that where a debtor mailed instructions directing his agent to pay over certain moneys to a creditor and also mailed a notice of the instructions to the creditor, the assignment was complete at the point of mailing and took effect, although before the mails arrived the debtor was bankrupt. The case is criticised by Professor Williston, and declared unsound. (Williston Cont. § 436, note.) However, the law so declared appears to obtain in New York. (*Barry* v. *Equitable Life Assurance Society, supra.*) In that case an assignment of a New York insurance policy was executed in New York and mailed from New York to the assignee in Maryland. It was held that the assignment was complete in New York and that the laws of this State determined its validity. It may be said that an assignment, to become effective, requires an acceptance, and that an acceptance cannot be given until the assignment reaches the assignee. The answer may be that the acceptance of an assignment, which imposes no duty upon the assignee, like the acceptance of a gift, is presumed. " The acceptance, also, may be implied where the gift, otherwise complete, is beneficial to the donee." (Per ANDREWS, J., in *Beaver* v. *Beaver*, 117 N. Y. 421, 429.) " The acceptance of a gift, beneficial to the donee and otherwise complete, will be presumed, unless the contrary is made to appear, even though the donee did not know of the gift at the time it was made." (28 C. J. 672.) Whatever the explanation may be, it is certainly the holding of the *Barry* case that an assignment of an insurance policy, when executed and mailed to the assignee, becomes effective at the time and place of mailing. In our case, then, the assignment was made in North Dakota, and its validity must be tested by the laws of that State.

In the absence of proof to the contrary the common law of the State of New York, as declared by its courts, is presumed to be the common law obtaining in the State of North Dakota. (*International Text Book Co.* v. *Connelly*, 206 N. Y. 188.) It has been held by the courts of this State that, where a policy of insurance

insures the life of a husband for the benefit of his wife, the wife cannot, during the life of the husband, make an irrecovable transfer of the policy; that a wife, upon the death of her husband, may recover the insurance moneys falling due, in spite of a previous assignment by her. (*Eadie* v. *Slimmon*, 26 N. Y. 9; *Barry* v. *Equitable Life Assurance Society*, 59 id. 587; *Frank* v. *Mutual Life Ins. Co.*, 102 id. 266.) On the other hand, it has been held that the creditors of the wife, during the life of the husband, cannot reach the wife's interest in the policy, and cannot, after the death of the husband, avoid an assignment previously made by the wife, and recover the insurance. (*Smillie* v. *Quinn*, 90 N. Y. 492; *Baron* v. *Brummer*, 100 id. 372.) In all these cases the provisions of chapter 80 of the Laws of 1840 constituted the grounds upon which the decisions were placed. Thus in the *Eadie* case it was said of the act of 1840: " We think the intent of the statute was to make these policies a security to the family of any married man, and a provision for their use and benefit, and that this intent would be defeated if they were held to be assignable by the wife like ordinary choses in action belonging to her in her own right as her separate property." In the *Smillie* case it was held that, under the act of 1840, as constructed by the *Eadie* and *Barry* cases, policies taken out for the benefit of a wife " were not, in a general sense, assignable " by her. In relation to the beneficiary of policies thus taken out the court said: " as she was not in a position to assign the policies to her creditors so as to absolutely cut off her right, her creditors could not take them so as to bar her right, and, therefore, it was no fraud upon her creditors for her to make the assignments at that time to her children." Thus it became the law that assignments by the wife, during the life of her husband, could be avoided by the wife but by no other person. It was pointed out by Judge VANN in *Amberg* v. *Manhattan Life Ins. Co.* (171 N. Y. 314) that this result was due to the peculiar wording of the provisions of the act of 1840. That act provided that, where a policy of insurance upon the life of a husband was made payable to his wife, the insurance moneys " shall be payable to her, to and for her own use, free from the claims of the representatives of her husband, or of any of his creditors." While an assignment by her was not absolutely void, nevertheless, at the death of her husband, she might insist, although no other person might, that the moneys were " payable to her " despite any such an assignment. It clearly appears, then, that the rule, that the creditors of a wife could not avoid an assignment made by her during her husband's life, was the creature, not of the common law, but of a statute, of the State of New York. The common

law of New York, and, therefore, of North Dakota, would be otherwise. In the *Amberg* case Judge VANN, for the court, said: " Courts have no power to declare property exempt from the claims of creditors, unless there is some statute which, either expressly or by reasonable implication, requires it. The general rule is that all property is subject to levy and sale upon execution and every exception must be founded upon a statute, for the subject is within the control of the Legislature, not of the courts." It was there held that insurance moneys, becoming payable to a wife from a policy upon the life of her husband, were subject to levy and sale, after the death of the husband, by the creditors of the wife. In the absence of a statute, the interest of the wife in such a policy, prior to the death of the husband, would likewise be susceptible to levy and sale. Therefore, an assignment by her could be attacked by her creditors on the ground of fraud. We have had exhibited to us no statute of North Dakota which provides to the contrary. The statutes of that State not only fail to provide, as did our statute of 1840, accordingly as it was interpreted, for the incapacity of a wife to make an irrevocable assignment, but provide directly for the opposite result. The Compiled Laws of North Dakota (1913), proven in the case, by section 4411, provide as follows: " Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which the other might, if unmarried." Again, section 6629 provides: " A policy of insurance upon life or health may pass by transfer, will or succession to any person, whether he has an insurable interest or not, and such person may recover upon it whatever the insured might have recovered." It is a necessary deduction that, under the common law and statute of North Dakota the transfer made by the defendant Ruby H. Tallmadge to Hampton H. Halsey was fraudulent as to her creditors, and that this plaintiff, a judgment creditor, may avoid the transfer and procure the application upon his judgment of a sufficient sum to satisfy the same from the moneys and securities, now in the hands of the defendant Halsey, which are the proceeds of the insurance moneys collected by him.

The judgment should be modified to provide accordingly, and as modified affirmed, with costs.

Judgment modified in accordance with the opinion, and as modified unanimously affirmed, with costs. Order to be settled before H. T. KELLOGG, J.