ROBERT I. WISHNICK, Plaintiff, *v.* PRESERVES & HONEY, INCORPORATED, Defendant.

Supreme Court, Kings County, October 30, 1934.

*Aaron William Levy*, for the plaintiff.

*Sullivan & Cromwell [Walter Lundgren* of counsel], for the defendant.

BONYNGE, J. In and prior to June, 1927, one J. P. Thomy, a resident of St. Louis, Mo., was indebted to the plaintiff in a substantial sum for moneys loaned. The debt was evidenced by promissory notes made, dated and payable in New York. In June, 1927, Thomy met the plaintiff in New York and there verbally agreed to give security for his then indebtedness and for any future loans to him, by assigning to the plaintiff a life insurance policy for $25,000, issued by the Missouri State Life Insurance Company on Thomy's life. On June 13, 1927, Thomy and his wife signed and acknowledged an assignment of this policy in Missouri and mailed the same to the plaintiff, who received it in due course in New York. Thomy retained the original policy and no notice of the assignment was given to the insurer.

In June, 1930, Thomy, having previously retired as president of the defendant corporation, owing it a large but undetermined amount, entered into a written agreement with the defendant to pay the sum of $30,000 in four annual installments, with interest, such payments to be secured by the assignment of seven policies of insurance on Thomy's life. Among the policies so assigned was the one previously transferred to the plaintiff, but by the terms of the agreement the defendant's interest in it was expressly limited to $20,629.54. The defendant, which had no notice of the prior assignment to the plaintiff, received all of the policies, including the one issued by the Missouri State Life Insurance Company, and gave notice to the several insurers of its claims as assignee. A further stipulation in the agreement between Thomy and the defendant was to the effect that if Thomy died at any time before completing the payment of the four installments, the defendant would be entitled to retain an additional $10,000 from the proceeds of the policies. Thomy died on March 10, 1931. At that date his indebtedness to the plaintiff was $13,291.68, and he had paid none of the agreed annual installments to the defendant. The defendant subsequently collected $22,645.24 on the Missouri State Life policy and $18,556.86 from the remaining insurers. Payment by the Missouri company was made on September 5, 1931.

The plaintiff claims alternatively (a) $13,291.68, upon the theory that his assignment is prior in time and right, or (b) $10,046.14, upon the theory that the defendant is entitled to hold only the amount of the stipulated and unpaid installments, viz., $30,000,

with interest, and not the additional $10,000 set over to the defendant in the event of Thomy's prior death.

The case presents a close and interesting question of conflict of laws. On the one hand, it is to be considered that the chose in action assigned to the plaintiff was a contract between residents of Missouri, made in that State and performable there; that the assignment was executed and acknowledged in Missouri and thence mailed to New York. On the other hand, are the circumstances that the debt to be secured by the assignment was contracted and payable in New York, that the promise to give the assignment was made here and that the assignment itself was later received in this State. Giving due weight to all of these factors, it must be held that the ones of controlling importance are that the contract was between residents of the State of Missouri, to be performed there and assigned there. (*Jackson* v. *Tallmadge*, 216 App. Div. 100; affd., 246 N. Y. 133; *Barry* v. *Equitable Life Assurance Society*, 59 id. 587.) *Jackson* v. *Tallmadge* (*supra*) involved an assignment of a life insurance policy issued by a South Dakota company upon the life of a resident of North Dakota and payable to the wife of the insured. The beneficiary executed an assignment in North Dakota and then mailed it to the assignee in New York. In the Appellate Division it was held, upon the authority of a number of earlier decisions by the Court of Appeals, that the assignment was to be interpreted by the law of North Dakota. On appeal, Chief Judge CARDOZO, writing for the court, while agreeing with the result reached below, was of opinion that under the peculiar facts of the case, acceptance of the assignment by the assignee at the time and place of mailing, could not be presumed and hence that the instrument did not become effective for any purpose until its receipt in New York. No such element is presented in the case at bar since the assignment by Thomy to the plaintiff was executed and mailed pursuant to a prior arrangement between them. In *Barry* v. *Equitable Life Assurance Society* (*supra*) it was held that an assignment of a New York policy, executed in New York and then mailed to Maryland, was governed by the law of the former State. It follows that the rights of the plaintiff here are to be measured by the law of Missouri. This conclusion is strongly fortified by several passages to be found in Proposed Final Draft No. 2 of the Restatement of the Law of Conflict of Laws. Thus, section 383-B provides that " The law of the place of performance of an assigned contract determines which of two or more successive assignments shall have priority," and section 393 declares that " The law of the place of performance determines the person to whom performance shall be rendered."

In Missouri, contrary to the law of New York (*Niles* v. *Mathusa*, 162 N. Y. 546), the assignee of a chose in action who first gives notice to the debtor or obligor has the prior right. (*Richards* v. *Griggs*, 16 Mo. 416; *Murdoch & Dickson* v. *Finney*, 21 id. 138; *Houser* v. *Richardson*, 90 Mo. App. 134, and *Klebba* v. *Struempf*, 224 id. 193; 23 S. W. [2d] 205.) Not only did the plaintiff fail to give notice to the insurer of the assignment to him, but he even omitted the precaution of taking into his possession the original policy which it had issued upon the life of Thomy.

The contention of the plaintiff that the provision in the agreement between Thomy and the defendant for a payment of $40,000, instead of $30,000, to the latter in the event of Thomy's death within four years is invalid, as attempting to defeat the debtor's right of redemption, cannot be sustained. The agreement recites that the exact amount of Thomy's indebtedness is undetermined and the truth of this recital was not challenged upon the trial. Under such circumstances, it was entirely competent for the parties to stipulate, in good faith, for the payment of varying amounts under different contingencies. Had Thomy owed a fixed and known sum the case would be different.

As the defendant's interest in the Missouri Life policy was specifically limited to $20,629.54, it cannot justify its retention of more. An action for money had and received is a proper vehicle for the plaintiff's journey in search of justice. (*Roberts* v. *Ely*, 113 N. Y. 128; *Carnegie Trust Co.* v. *Battery Place Realty Co.*, 67 Misc. 452.) The defendant's asserted fear of a possible double liability is not convincing, especially in the absence of proof that any adverse claim has been made. This is the traditional attitude of a defendant who has gotten hold of funds which concededly do not belong to him. A verdict will accordingly be directed in favor of the plaintiff for the sum of $2,015.70, with interest from September 5, 1931.