ROBERT I. WISHNICK, Appellant-Respondent, v. PRESERVES & HONEY, INC., Respondent-Appellant.— One Thomy assigned to defendant certain insurance policies in which he was named as the insured, and after his death defendant collected the amounts thereof. Plaintiff claimed that Thomy, as collateral security for moneys loaned, assigned one of the policies to him, and he brought this action, asserting that he was entitled, out of the proceeds of said policy, to the sum of $13,787.18, with interest, being the amount owing to him at the time of Thomy's death. Judgment was rendered in favor of plaintiff in the sum of $2,628.61. Both parties appeal, plaintiff's appeal being on the ground that the amount awarded was inadequate. Judgment in plaintiff's favor modified by increasing the amount thereof to the sum of $10,046.14, with interest from September 5, 1931, and as so modified affirmed, with costs to plaintiff-appellant. We construe the assignment agreement so as to limit defendant's rights thereunder, so far as this plaintiff is concerned, to $30,000. The excess realized should, therefore, go to plaintiff. As we view it, the agreement between Thomy and defendant was one of compromise and settlement of reciprocal claims; and after certain payments were made by Thomy in cash or its equivalent, the balance amounted to $30,000, for which amount Thomy gave his promissory notes and assigned insurance policies to the amount of $40,000, which, as the agreement stated, were delivered " as security only." Thomy died without paying the notes and defendant has obtained $40,000 and upwards in payment by the insurer on these policies. It claims the right to hold this principal sum by virtue of certain language in the agreement which it claims extended the amount for which Thomy was liable in case he died before the notes were paid. We do not so read it. At best the language is obscure and will be construed most strongly against the defendant, by which the contract was prepared. We think the defendant is seeking a profit beyond the amount of its debt, in disregard of the rights of other assignees and creditors. We find as facts that the debt of Thomy to defendant at the time of his death was $30,000, with interest to be computed; that at the date of Thomy's death he owed plaintiff $13,291.68 for which the latter held an assignment of a life insurance policy as

security; and that plaintiff's assignment was of earlier date than defendant's, but the insurance company was not notified in regard thereto until after Thomy's death. Carswell, Davis and Adel, JJ., concur; Young and Taylor, JJ., vote to affirm. [153 Misc. 596.]